CLARENCE HALL, RESPONDENT, v. PAUL BUCHER, JR., AND EDWARD G. DERR, APPELLANTS.—227 S. W. 2d 96.

Kansas City Court of Appeals. Opinion delivered February 6, 1950.

1240

*Clayton W. Allen* for appellants.

*Pettijohn & Eiser* for respondent.

CAVE, J.—This is a suit for an alleged balance due plaintiff for corn sold to the defendants. A jury was waived and the cause tried by court, resulting in a judgment for the plaintiff in the sum of $801.04. The defendants have appealed.

The pleadings and the evidence disclose that on March 12, 1946, plaintiff sold to defendants certain corn, and it was agreed that the price per bushel should be the highest ceiling price in that locality between March 12 and July 15 of that year. On March 14 defendants began hauling the corn from plaintiff's farm and the last amount delivered was on April 23; there were 7,884 bushels delivered. The ceiling price on the date of sale was $1.08 per bushel, but the highest ceiling price during the agreed period was $1.33 1/3 per bushel. Defendants paid plaintiff $1,500 about April 1; $3,000 about April 14, and $5,224.08 about May 15, and the amount sued for represents the balance due for the corn delivered at a price of $1.33 1/3 per bushel.

Defendants contend that the court erred in overruling their motion for judgment because the contract sued on is illegal under certain provisions of the Federal Emergency Price Control Act and certain rules and regulations adopted thereunder.

Title 50, U. S. C. A. App., Sec. 904 (a): "It shall be unlawful, regardless of any contract, * * * for any person to sell or deliver any commodity, or in the course of trade or business to buy or receive any commodity, * * * in violation of any regulation or order under Sec. 2 (902), or any price schedule affected in accordance with the provisions of any regulation, order or requirement under section * * *."

Sec. 921 (a), of the same title, created the Office of Price Administration (OPA) and provides for an Administrator and his duties; subdivision (d) provides that the Administrator shall promulgate

such rules, regulations and decrees deemed necessary by him for its enforcement; subdivision (e) provides that the Administrator shall exercise the power and authority of making regulations only by formal written orders or regulations which shall be promptly published in the Federal Register. By Title 44, U. S. C. A., Sec. 307, it is provided that all documents and decrees required to be published in the Federal Register shall be judicially noted. Pursuant to such authority, the Director issued and published certain regulations, and the applicable order is found in 9 Federal Register, pp. 8304 and 8305, Par. B of Article 1, Sec. 1.2, wherein it is provided:

"(b) Adjustable pricing. Any person may agree to sell at a price which can be increased up to the maximum price in effect *at the time of delivery;* but no person may, unless authorized by the Office of Price Administration, deliver or agree to deliver at prices to be adjusted upward in accordance with action taken by the Office of Price Administration *after delivery."* (Italics supplied.)

Defendants contend that the contract sued on and proved violates the last quoted regulation because the price of the corn was to be adjusted upward in accordance with action taken by the OPA *after delivery.* We think this contention must be sustained.

Sec. 904 (a), supra, clearly provides that it shall be unlawful for any person to sell or deliver any commodity in violation of any regulation or order or any price schedule adopted and published by the Administrator of the Office of Price Administration. The regulation last above quoted is clear and unambiguous and prohibits any person, unless authorized by the Administrator, to *deliver, or agree to deliver,* any commodity with the understanding that the price for such commodity is to be adjusted in accordance with any action taken by the Administrator *after delivery* of such commodity. That is precisely what the plaintiff and the defendants agreed to do and, for that reason, the contract is illegal and neither party can enforce it.

The rule is, under both the Federal and State authorities, that where parties who are charged with knowledge of the law undertake to enter into a contract in violation thereof, they will be left in the position in which they put themselves. The courts will not permit a recovery to either side. Morgan Ice Co. v. Barfield, et al., 190 S. W. (2d) 847 (Tex.); Donovan v. Kansas City, 352 Mo. 430. 179 S. W. (2d) 108; Pearl v. Interstate Securities Co., 206 S. W. (2d) 975; 7 Mo; Dig.—Contracts—Par. 138 (1). (There are certain exceptions to this general rule but they are not applicable here.)

The Act above referred to and the rules, regulations and ceiling prices fixed pursuant to its provisions constitute the law and are judicially noticeable, both by the express provisions of the statute providing for the Federal Register, (44 U. S. C. A., Sec. 307), and by precedent concerning judicial notice of the action of a department

of the federal government. United States v. Lutz, 142 F. (2d) 985, 989; Caha v. United States, 152 U. S. 211; Keyser v. Allen, 149 Neb. 449; State ex rel. Bowles v. Olson, 175 Or. 98, 151 P. (2d) 723.

Regulation (b), supra, specifically limits the time for an adjustable price as of the *date of delivery*. Plaintiff's corn was all delivered by April 23 and he and the defendants could not contract to adjust the price upward after that date. I. L. S. Steel Co. v. Schiavone-Bonomo Co., 53 F. Supp. 505.

The reason for the rule against the enforcement of an illegal contract is for the protection of the public and not for the benefit of the parties. Rainer v. Western Union Telegraph Co., 91 S. W. (2d) 202; Miller v. Bowen Coal and Mining Co., 40 S. W. (2d) 485; 17 C. J. S., p. 659, Par. 272. The very purpose of the Price Control Act, as declared by Sec. 901, is "in interest of the national defense and security * * *" and, in general, to stabilize prices and preserve the national economy. Some of the regulations may appear burdensome and unnecessary, nevertheless they are the law in an emergency, and must be enforced and should be obeyed.

In fairness to the parties we will say there is nothing in the record to indicate that they entered into this contract actuated by any improper motives or purpose. They probably had no actual knowledge of the regulation which would prohibit them from contracting as they did, but under the law they are charged with such knowledge and are bound thereby.

Plaintiff contends that even if the contract did violate the Price Control Act and regulations thereunder, it was not illegal and void. To support that position he cites Miller v. Long Bell Lumber Co., 222 S. W. (2d) 244 (Tex.). In that case the Lumber Company had sold Miller, on open account, several thousand items of merchandise evidenced by about 550 invoices. It appeared that an overcharge had been made inadvertently on a few of the items and Miller contended this defeated the account because it was tainted with illegality. The court held the contract for the sale of the merchandise was not illegal merely because there had been an unintentional overcharge (above OPA fixed prices), and that the only penalty under such circumstances is a return of the amount of such overcharge as provided in Sec. 925 (e), which section is not involved in the instant case. That opinion is not controlling.

Plaintiff also argues that since the defendants induced him to enter into this contract they should not be permitted to defend on the ground that the contract was illegal and void; that there was a moral obligation on the part of the defendants to pay in accordance with the agreement. Generally speaking, that may be true, but the law permits a party to an illegal agreement to set up the illegality as a defense, even though it may be alleging his own turpitude:

this for the reason that the public interest is involved. Rainer v. Western Union Telegraph Co., supra; 17 C. J. S., p. 659, Sec. 272. There is no hint of fraud or duress on the part of the defendants, and the case of White v. McCoy Land Co., 87 S. W. (2d) 672, will not aid plaintiff.

The record discloses that after the dispute arose, the parties agreed that there had been delivered to defendants 104 bushels of corn for which they had paid plaintiff nothing. He is entitled to $1.08 per bushel for this item, and judgment should be entered for him for $112.32 together with his costs.

The judgment is reversed and the cause remanded with directions to enter judgment for plaintiff for $112.32 with interest thereon at 6% from October 1, 1946, until paid, together with costs. All concur.