**Harold GILBERT, Plaintiff-Appellant,**

v.

**Presley W. EDWARDS, W. Finley McElroy, Jr., John M. Woods, Doing Business as A. G. Edwards & Sons, a Partnership, Defendants-Respondents.**

**No. 29011.**

St. Louis Court of Appeals.

Missouri.

Feb. 15, 1955.

Motion for Rehearing and Transfer to Supreme Court Denied April 15, 1955.

Northcutt Coil, St. Louis, for appellant.

Martin, Peper & Martin, Christian B. Peper, Malcolm W. Martin, St. Louis, for respondents.

RUDDY, Acting Presiding Judge.

This is an appeal from a judgment of dismissal with prejudice, based upon the action of the trial court when it sustained defendants' motion to dismiss plaintiff's second amended petition. We will refer to the parties as plaintiff and defendants.

For a clear understanding of the issues presented in this appeal, we set out in full all the allegations of plaintiff's second amended petition, which are as follows:

"1. That plaintiff was at all times herein mentioned employed on a full time basis by a firm having no connection with the sale of real estate and that plaintiff at all times herein mentioned was not a licensed real estate broker or dealer and that plaintiff did not advertise or hold himself out to the public as a real estate broker or dealer, which facts were known by the defendants; and plaintiff further states that he had not had such a real estate license for about one year prior to the dates herein set out. Plaintiff further states that under Section 339.010 subsection (3) Missouri Revised Statutes, 1949, he is not required to be licensed under said chapter 339 Missouri Re-

vised Statutes 1949 as a condition precedent to filing this pleading, he being one of the exceptions to which Chapter 339 Missouri Revised Statutes 1949 does not apply; said exception reading as follows:

" 'Nor shall this chapter apply to any person who does not advertise or hold himself out to the public as a real estate broker or dealer and who might occasionally, buy or offer to buy, or sell or offer to sell, or rent or lease or offer to rent or lease any real estate, or to loan or offer to loan money secured by real estate.'

"2. Plaintiff further states that the transaction hereinafter set out was an occasional act only on his part.

"3. That defendants were at all times herein mentioned partners doing business as A. G. Edwards & Sons, engaged in the stock brokerage business and were licensed as a real estate broker.

"4. That during the month of September, 1951, defendants advertised for sale the property known and numbered as 6995 Washington Avenue in the City of University City, State of Missouri, and owned by Constance H. Grier and Mary G. Avis.

"5. That plaintiff having knowledge that the defendants were the real estate broker who had the listing contract to sell said property, and also having knowledge of a prospective buyer for the said property, contacted defendants and offered to produce the prospective buyer, and if that prospective buyer did purchase said property then the defendants and plaintiff were to split the commission fee to be received from the seller for procuring a buyer of his property. This fee to be split between the plaintiff and defendants, as provided by the rules of the St. Louis County Real Estate Board.

"6. That defendants accepted plaintiff's offer and plaintiff in reliance on the defendants acceptance of his offer, did produce the prospective buyer, to-wit: Lewis C. Vollmar.

"7. That said prospective buyer did purchase the said property and that the contract of sale between the former owner and the buyer stated that the agents commission of 5% of the total sale price was to be paid to A. G. Edward & Sons and Harold Gilbert.

"8. That the said 5% of the total sale price amounted to $1,225.00 and that amount was paid by the sellers to defendants A. G. Edwards & Sons with the knowledge and consent, and in the presence of the plaintiff, and that by defendants acceptance of the full amount of the commission they became Trustee of plaintiff's share of said commission.

"9. That the amount due plaintiff is $551.25.

"10. That although demand has been repeatedly made the said defendants have refused and still refuse to pay to plaintiff the money due to him under the above set out agreement.

"11. That by virtue of such refusal defendants thereupon breached their trust to hold the agreed $551.25 of the 5% commission for the plaintiff, and defendants do intend to defraud and deprive plaintiff of his interest in the said commisson fee by refusing to deliver to plaintiff his share of said commission."

Plaintiff's petition concludes with a prayer for a decree declaring the defendants to be trustees of and be required to account for said commission. He further prays for actual and punitive damages and a reasonable attorney's fee.

Defendants filed a motion to dismiss said petition which was sustained by the trial court on the following grounds contained in said motion.

"(a) Because the Second Amended Petition does not state a cause of action against the defendants.

* * * * * *

"(g) Because the Second Amended Petition fails to allege that the plaintiff was a licensed real estate broker or salesman at the time when the alleged cause of action arose, as required by Section 339.160, R.S.Mo. (1949).

"(h) Because it affirmatively appears upon the face of plaintiff's Second Amended Petition that his real cause of action is for the recovery of compensation for services rendered in the sale of real estate, and that said action is in direct violation of Section 339.160, R.S.Mo. (1949) which forbids the bringing of such an action unless it is alleged and proved that such person bringing the action was a licensed real estate broker or salesman at the time when such alleged action arose.

"(i) Because the exception contained in Subsection 3 of Section 339.010 R.S.Mo. (1949) as relied upon by plaintiff in his Second Amended Petition does not apply as alleged by plaintiff, under the facts of this case."

■ Plaintiff in his brief calls our attention to an agreement of the parties to this appeal whereby they have attempted to restrict our review to the subject matter contained in paragraph (i) of defendants' motion to dismiss. We cannot be bound by such agreement. If any ground given in the motion to dismiss plaintiff's second amended petition is sufficient to sustain the judgment of dismissal, we must affirm the judgment.

Plaintiff contends that the provisions of Chapter 339 RSMo 1949, V.A.M.S., which deal with the licensing of real estate agents and brokers does not apply to him because subsection 3 of Section 339.010 of said Chapter expressly excludes plaintiff from the licensing provisions of the entire chapter. The pertinent parts of the sections of Chapter 339 RSMo 1949, V.A.M.S., calling for our attention in disposing of this contention are as follows:

Section 339.010. "1. A 'real estate broker' is any person, * * * who advertises, claims to be or holds himself out to the public as a real estate broker or dealer and who for a compensation or valuable consideration, as whole or partial vocation, sells or offers for sale, buys or offers to buy, exchanges or offers to exchange the real estate of others; * * *.

"2. A 'real estate salesman,' within the meaning of this chapter, is any person, who for a compensation, or valuable consideration *becomes associated,* either directly or indirectly *with a real estate broker* to do any of the things above mentioned, as a whole or partial vocation.

"3. * * * This chapter shall not apply to any person * * * who as owner or lessor performs any of the acts aforesaid, with reference to property owned or leased by them, * * * nor shall this chapter apply to any person who does not advertise or hold himself out to the public as a real estate broker or dealer and who might, occasionally, buy or offer to buy, or sell or offer to sell, or rent or lease or offer to rent or lease any real estate, or to loan or offer to loan money secured by real estate."

Section 339.020. "It shall be unlawful for any person * * * to act as a real estate broker or real estate salesman, or to advertise or assume to act as such without a license first procured from the Missouri real estate commission."

Section 339.040. "A license shall be granted only to persons who bear and to corporations or associations whose officers bear, a good reputation for honesty, integrity, fair dealing, and who are competent to transact the business of a real estate broker or a real estate salesman in such manner as to safeguard the interests of persons whom they represent; * * *."

Section 339.150. "No real estate broker shall pay any part of a fee, commission or other compensation re-

ceived by the broker to any person for any service rendered by such person to the broker in buying, selling, exchanging, leasing, renting or negotiating a loan upon any real estate, unless such a person is a licensed real estate salesman regularly associated with such broker, or a licensed real estate broker, or a person regularly engaged in the real estate brokerage business outside of the state of Missouri."

Section 339.160. "No person, * * * engaged within this state in the business or *acting in the capacity* of a real estate broker or real estate salesman shall bring or maintain an action in any court in this state for the recovery of compensation for services rendered in the buying, selling, exchanging, leasing, renting or negotiating a loan upon any real estate *without alleging and proving that such person, * * * was a licensed real estate broker or salesman at the time when the alleged cause of action arose."* (Emphases ours.)

Section 339.170 provides that any person violating the provisions of Chapter 339 RSMo 1949, V.A.M.S., shall be guilty of a misdemeanor.

■ In ruling upon this motion to dismiss plaintiff's second amended petition, all properly pleaded facts in and all inferences of fact that may fairly and reasonably be drawn from said petition must be taken as true. However, neither conclusions of law nor the conclusions of the pleader on the facts are admitted by the motion to dismiss, and where any such conclusions appear in plaintiff's second amended petition, they must be disregarded. Therrien v. Mercantile-Commerce Bank & Trust Co., 360 Mo. 149, 227 S.W.2d 708; Greenlake Inv. Co. v. Swarthout, Mo.App., 161 S.W.2d 697.

■ Before examining the contention of plaintiff we should determine whether the purpose of the Legislature in passing the Real Estate Agents and Brokers Law was the enactment of a revenue measure or a police regulation. If the statute is designed solely to raise revenue and not for the purpose of rendering the calling otherwise unlawful, it is generally held that the right of a broker or agent to recover on an express contract for commissions is not defeated by his failure to take out a license thereunder, even though the statute is expressly prohibitory and imposes a penalty for violation. If the object of the statute is to protect the public by insuring the honesty and good behavior of brokers and agents, that is, if it is a police regulation, there can be no recovery if a license has not been procured prior to the rendition of the services sued for. 8 Am.Jur., Brokers, Sec. 154, p. 1076.

■ Section 339.040 RSMo 1949, V.A. M.S., provides that a license shall be granted only to persons who bear a good reputation for honesty, integrity, fair dealing and who are competent to transact the business of a real estate broker or a real estate salesman in such manner as to safeguard the interests of the persons whom they represent. It is readily seen from an examination of this section and the other provisions of Chapter 339 that it was the evident intention of the Legislature to protect the public against fraud and incompetency in real estate transactions. It has also been held that laws such as we are considering, in addition to giving protection to the public, give protection to the ethical members of the profession under scrutiny, who, having complied with the law in letter and spirit, would, under any other interpretation, be subjected to competition by persons who had violated the law, both in letter and in spirit. This is merely an incidental protection.

■ Laws regulating the operations of Real Estate Agents and Brokers have been enacted in most of the states and have uniformly been declared to be regulatory in nature and not revenue acts. Such reasonable regulations for the protection of the public are a proper exercise of the police power of the state. A very apt statement of the reasons for the need of these regulatory measures is given us by

Cardozo, J., in Roman v. Lobe, 243 N.Y. 51, 54, 152 N.E. 461, 462, 50 A.L.R. 1329, "The Legislature has a wide discretion in determining whether a business or occupation shall be barred to the dishonest or incompetent." He pointed out that there are callings which are so inveterate and basic, so elementary and innocent, that they must be left open to all alike, whether virtuous or vicious, and he then said:

"If this be assumed, that of broker is not one of them. The intrinsic nature of the business combines with practice and tradition to attest the need of regulation. The real estate broker is brought by his calling into a relation of trust and confidence. Constant are the opportunities by concealment and collusion to extract illicit gains. We know from our judicial records that the opportunities have not been lost. With temptation so aggressive, the dishonest or untrustworthy may not reasonably complain if they are told to stand aside. Less obtrusive, but not negligible, are the perils of incompetence."

It was the manifest intention of the Legislature of our state in enacting the provisions of Chapter 339 RSMo 1949, V.A. M.S., to protect the public from the evils of fraud and incompetency. We hold the provisions of this Chapter to be an exercise of the police powers of the state. For a discussion of authorities construing the statutes of other states as regulatory or police measures, see 169 A.L.R. 769–771.

■ As stated above, the provisions of Chapter 339 are for the protection of the public and are an exercise of the police power of the state, and, therefore, plaintiff, who seeks shelter under an exemption provision of said Chapter, must present a clear case, free from all doubt, as such provision, being in derogation of the primary purpose of the Real Estate Agents and Brokers Law, must be strictly construed against the person claiming the exemption and in favor of the public. 33 Am.Jur., Licenses, Sec. 38, pp. 363–364.

Plaintiff contends that he is exempted from the licensing provisions of Chapter 339 by virtue of the language included in Subsection 3 of Section 339.010 RSMo 1949, V.A.M.S., which provides that said Chapter shall not apply to "any person who does not advertise or hold himself out to the public as a real estate broker or dealer and who might, occasionally, buy or offer to buy, or sell or offer to sell, * * any real estate." Before giving our attention to this contention we should first determine the nature of plaintiff's cause of action. Plaintiff claims that he is not asking for enforcement of the alleged agreement between plaintiff and defendant to split the commission received by the defendants from the seller of the real estate, but is asking defendants as trustees to account for the commission received by them. It really makes little difference how plaintiff describes the nature of his claim, basically he is seeking enforcement of the agreement alleged in paragraph 5 of his petition, wherein he pleads that defendants and plaintiff were to split the commission received from the sale of the property according to the rules of the St. Louis County Real Estate Board. If the agreement to split the commission is enforceable, the defendants can be made to account to plaintiff for his share. If the agreement is unenforceable, because in violation of the statutory law, plaintiff cannot recover and this would be true under any theory of recovery adopted by plaintiff.

■ This is a case of first impression in this state and as a result several real estate boards have asked and received permission to appear as amici curiae. Plaintiff contends, as we have heretofore stated, that he is excluded from the licensing provisions of Chapter 339 RSMo 1949, V.A.M.S., by virtue of that part of Subsection 3 of Section 339.010 of said Chapter, hereinbefore referred to. It is a cardinal rule in statutory construction that the entire act must be construed together to carry out the legislative intent and all the provisions of the act must be harmonized, if reasonably possible, and effect must be given to every word, clause, sen-

tence, paragraph and section of the act. Sayles v. Kansas City Structural Steel Co., 344 Mo. 756, 128 S.W.2d 1046; Graves v. Little Tarkio Drainage District No. 1, 345 Mo. 557, 134 S.W.2d 70. Plaintiff, as heretofore said, seeks refuge under the exclusion clause mentioned, but if we are to apply the rule of construction just stated, we should examine Section 339.150 RSMo 1949, V.A.M.S., before ruling on plaintiff's contention and determine if plaintiff's cause of action is barred by its provisions. Despite the effort of the parties to limit our review to an interpretation of the exclusion clause, we think the aforesaid section of the statutes is pertinent to the issue involved in this appeal and deserves prior attention.

■ Turning our attention to the provisions of Section 339.150 RSMo 1949, V.A.M.S., we find that in clear and definite language it is provided that no real estate broker shall pay *"any part* of * * * a commission" received by the broker *to any person* for any services rendered by such person to the broker in buying or selling any real estate, *"unless such a person is a licensed real estate salesman regularly associated with such broker."* (Emphases ours.) This section in unambiguous language prohibits a broker from splitting his commission with any person not a licensed real estate salesman. Plaintiff's petition acknowledges that he is not a licensed real estate salesman and as we have pointed out before, basically plaintiff is seeking to enforce an agreement of a real estate broker to split a commission. This section does not exclude from its operation the persons referred to in Subsection 3 of Section 339.010 RSMo 1949, V.A.M.S. That plaintiff was rendering a service to the broker in connection with the selling of real estate listed with the broker cannot be denied. It will be observed that this section (339.150) requires the licensed real estate salesman to be associated with the broker, before the broker is permitted to pay any part of his commission to the salesman. The requirement that the real estate salesman be associated, either directly or indirectly, with a broker before he is en-

titled to receive compensation, is not only clearly and definitely stated in Section 339.150, but is reflected throughout the entire Chapter governing real estate agents and brokers.

Subsection 2 of Section 339.010 RSMo 1949, V.A.M.S., defines a "real estate salesman" as any person who for a compensation, *"becomes associated,"* either directly or indirectly with a real estate broker. (Emphasis ours.)

Subsection 1 of Section 339.080 RSMo 1949, V.A.M.S., not heretofore noted, deals with the procedure of the Missouri Real Estate Commission when issuing, suspending or revoking licenses and provides that "If such applicant or licensee is a salesman, the commission shall also notify the broker *with whom associated,* or in whose association he is about to enter, by mailing a notice by registered mail to the broker's last known business address." (Emphasis ours.)

Section 339.100 RSMo 1949, V.A.M.S., not heretofore noted, deals with the power of the Commission to suspend or revoke the licenses of real estate brokers or real estate salesmen, and in paragraph 3 of said section it gives the Commission power to suspend or revoke if the licensee is guilty of: "Accepting a commission or valuable consideration as a real estate salesman for the performance of any of the acts referred to in section 339.010, from any person *except the broker with whom associated."* (Emphasis ours.)

■ An analysis of the sections last referred to gives without doubt a clear understanding of the legislative intent. The Legislature obviously intended that real estate salesmen must be associated, either directly or indirectly, with a broker and cannot receive a commission or other valuable consideration from any person other than a licensed broker. We are also convinced that the Legislature intended that brokers be prohibited from paying any part of their commission to *any person* not a licensed real estate broker or salesman and to a salesman who is not directly or indirectly associated with a broker. In

other words, the broker may share his commission with a licensed real estate salesman associated with him and with no one else.

When plaintiff undertook to make the agreement to split the commission with the defendants, he was charged with knowledge of all the provisions of Chapter 339. It must be remembered that defendants subject themselves to criminal penalties for violating any provision of Chapter 339 and in addition may lose their license to act as a real estate broker. The point that seems to have been overlooked by plaintiff is that defendants are bound by the provisions of Section 339.150 and are prohibited by the terms of said section from executing any agreement in violation of this section, and that any such agreement attempted to be made is illegal and unenforceable.

It will be observed from a reading of plaintiff's petition that from the time he contacted the defendants and made the agreement to share the commission, he has looked to the defendants for his compensation to be paid from their commission and does not seek to hold either the buyer or the seller of the property. This undoubtedly constitutes association with the defendants as broker without being properly licensed.

The case of Firpo v. Murphy, 72 Cal. App. 249, 236 P. 968, was an action to recover a real estate broker's commission alleged to be due plaintiff's assignor who had been licensed as real estate salesman prior to the transaction forming the basis of the suit. However, at no time during the period of the transaction for which he claimed commissions did he hold a license in accordance with the terms of the statutes. The law of the state made it a criminal offense to act as a real estate salesman without a license. Another section of the law made it unlawful for any licensed broker to pay a commission for performing any of the acts specified to any person who was not a licensed broker or salesman. It will be observed that this provision is similar to Section 339.150 of our own statutes. Plaintiff's assignor had a real estate salesman's license prior to the transaction in question, as we have heretofore mentioned, but had terminated his employment with the broker and the law declared that if a salesman changes his location without notification to the Real Estate Commissioner, and the issuance of a new license, an automatic cancellation of his license would follow. The court denied recovery and in so doing said:

"It is therefore manifest from the various provisions of the act that the law charges the employer with knowledge of the fact whether his salesman has or has not a license, and contemplates that no business can be conducted by a broker through a salesman acting in his behalf until a license is procured by him or reissued when there has been a change in the employment of the salesman. The statute in question is one designed for the protection of the public. It is in keeping with the statutes of a similar character regulating the pawnbrokerage business, and certain professions.

"Whenever a statute is made for the protection of the public, a contract in violation of its provisions is void. * * *

"While there is no express declaration in these sections that the transactions condemned are unlawful, or that no recovery shall be had thereon in the event that the provisions are violated, still it has been held that they, being designed for the protection of the public, and a penalty prescribed for a violation thereof, that such penalty is the equivalent of an express prohibition, and that a contract made contrary to the terms thereof is void, and further that whenever the illegality appears, whether the evidence comes from one side or the other, the disclosure is fatal to the case." 236 P. loc. cit. 969.

In the case of Donadt v. Eberle, 20 N. J.Misc. 349, 27 A.2d 612, plaintiff's suit was based on a promissory note given plaintiff by the defendant. The note was given as

the result of an agreement on a real estate commission between the plaintiff, the defendant, both of whom were unlicensed, and Mr. Berger, who was a licensed real estate broker. In its opinion the court said:

"There are two questions the Court must determine before coming to a conclusion in this matter. First, whether or not the original agreement between the plaintiff, the defendant, and Mr. Berger, was a legal one, and if this question is answered in the negative, whether or not the promissory note given for the compromised sum of $250 constituted a new agreement free from the taint of illegality of the original transaction." 27 A.2d loc. cit. 613.

The court after discussing the statutes applicable to the licensing of real estate brokers said:

"The plaintiff in this case, certainly did engage, directly and indirectly, in the sale of real estate, by introducing to the defendant and Mr. Berger, a prospect with whom they finally concluded a real estate transaction. The agreement to share the commissions certainly contravenes the spirit and letter of the Revised Statutes, * * and therefore, it is illegal and unenforceable." 27 A.2d loc. cit. 614.

To the same effect is the case of Stanson, Inc., v. McDonald, 147 Ohio St. 191, 70 N.E.2d 359, 169 A.L.R. 760. In that case plaintiff had previously been licensed as a real estate dealer but had no license at the time the cause of action arose. The statutes of the State of Ohio prohibited a licensed real estate broker from splitting a real estate commission with any person who was not a licensed real estate broker or a licensed real estate salesman at the time the cause of action arose. In these two respects the case is parallel to the instant case. The court held that the action could not be maintained by plaintiff in view of this statute and for this reason and others the plaintiff was denied recovery. Similar in holding to the above authorities is the case of Hunter v. Cunning, 176 Or. 250, 154 P.2d 562, 157 P.2d 510.

It is our opinion that the agreement between plaintiff and defendants to split the commission received from the sale of the property was prohibited by the terms of Section 339.150 RSMo 1949, V.A.M.S., and is for this reason illegal and unenforceable, and this would be true even though plaintiff could come within the exception contained in Subsection 3 of Section 339.010 RSMo 1949, V.A.M.S. Enforceable agreements may not result from transactions prohibited by the statutory law. The illegality inherent in the agreement from the very beginning operates as a bar to enforcement.

The rule is that where parties who are charged with knowledge of the law undertake to enter into an agreement in violation thereof, they will be left in the position in which they put themselves. The courts will not permit a recovery to either side. Hall v. Bucher, 240 Mo.App. 1239, 227 S.W.2d 96, loc. cit. 98. In State ex rel. Connecticut Fire Ins. Co. of Hartford, Conn., v. Cox, 306 Mo. 537, 268 S.W. 87, loc. cit. 91, 37 A.L.R. 1456, the Supreme Court, quoting from the opinion of Judge Sherwood in Haggerty v. St. Louis Ice Mfg. & Storage Co., 143 Mo. 238, 44 S.W. 1114, 40 L.R.A. 151, said: " 'The law will not stultify itself by promoting on the one hand what it prohibits on the other, and will for this reason leave the parties to this suit where it finds them, unsanctioned by its favor and unaided by its process.' " The reason for the rule against the enforcement of an illegal agreement is for the protection of the public and not for the benefit of the parties.

Plaintiff seeks to circumvent the provisions of Section 339.150 by contending that he is relying on the contract between the buyer and the seller of the property wherein it was agreed that the commission was to be paid to plaintiff and defendants. Plaintiff was not a party to this contract, but aside from this, it must not be forgotten that this provision in the contract

signed by the buyer and the seller was based on the agreement previously made between plaintiff and defendants to split the commission. We have held that such an agreement is illegal and void and, therefore, that portion of the agreement between the buyer and the seller, relied on by plaintiff, attempting to carry out the void agreement must also fail.

Many of the allegations of plaintiff's petition are either conclusions of law or of fact, which we must disregard. After a careful study and consideration of the properly pleaded facts we must rule that plaintiff's second amended petition fails to state a claim upon which relief can be granted because it contains allegations which show that plaintiff is unlicensed and is seeking to enforce an agreement with a licensed real estate broker to split a commission, contrary to the provisions of Section 339.150 RSMo 1949, V.A.M.S.

What we have said forms a sufficient basis for sustaining the trial court's ruling. It follows that the judgment of the trial court should be affirmed. It is so ordered.

McMULLAN, Special Judge, concurs.