N. P. SANDBOTHE, Plaintiff-Appellant,

v.

Harold WILLIAMS et al.,
Defendants-Respondents.

No. 38084.

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 26, 1977.

Motion for Rehearing or Transfer
Denied June 9, 1977.

Shifrin, Treiman, Bamburg & Dempsey, Richard B. Dempsey, St. Louis, for plaintiff-appellant.

Niedner, Moerschel, Ahlheim & Bodeaux, Paul F. Niedner, St. Charles, for defendants-respondents.

GUNN, Judge.

Plaintiff-appellant, N. P. Sandbothe, brought a quantum meruit action against defendants-respondents to recover the reasonable value of services performed as a real estate broker in negotiating a sale and lease of property owned by defendants. Plaintiff in his suit alleged that the total value of his services was $34,500; that he had received $7,500 in part payment; and that defendants were entitled to a $450 credit, leaving a balance of $26,550 owed by defendants to plaintiff. The defendants moved for a judgment in their favor after pleading that plaintiff was not a licensed real estate broker at the time he performed the services and that he was barred from recovery on his suit under § 339.160.[1] The plaintiff stipulated in trial court that he did not receive his real estate broker's license until July 1, 1969, and except for the final closing transaction held on July 25, 1969, all services were performed by plaintiff without any license and prior to July 1, 1969.[2] The trial court entered judgment in favor of defendants, and plaintiff has appealed; we affirm.

---

1. Statutory references are to RSMo 1969.

2. The oral agreement and transactions occurred in 1969. April 19, 1976 was the date of the hearing on the motions of the parties and the trial court's ruling. Except for the fact that plaintiff filed five amended petitions, the record does not disclose the cause for the time lapse between the transactions and hearing.

According to the pleadings, on April 10, 1969, plaintiff and defendants entered into an oral agreement whereby plaintiff was to obtain a buyer and secure leasing arrangements for land owned by defendants in Hazelwood, Missouri.[3] Plaintiff was successful in his efforts and secured a purchaser for the land and also negotiated some leases pertaining to the land. The contract for sale was entered into on June 17, 1969 with the closing date designated as July 25, 1969. The sales contract for the sale and lease of the land provided that defendants were to pay plaintiff $7,500 on closing, which was done. However, plaintiff alleges that pursuant to the oral agreement, previously mentioned, defendants were to pay plaintiff an additional $26,550.

The procedural development of this case is somewhat anomalous. On the date the case was set for trial, defendants filed an amended answer alleging for the first time that plaintiff was not licensed as a real estate broker during the period he negotiated the sale and lease of defendants' property. The plaintiff waived any objection to the late filing of the amended answer. On the same day the defendants filed a motion labelled "motion for Judgment by defendants." During a conference in chambers, plaintiff stipulated that he had obtained a license after actually rendering the services. In view of this stipulation, the court sustained defendants' motion for judgment. On appeal, the plaintiff contends that defendants' motion was one for summary judgment and that the procedures governing summary judgments set out in Rule 74.04 had not been followed. Furthermore, plaintiff claims that the case was not ripe for summary judgment as material facts were in dispute. While it is unclear whether defendant's motion was for summary judgment or for judgment on the pleadings, we believe that this issue need not be resolved. As will be revealed in the course of the opinion, the plaintiff's lack of a real estate license while performing the services in question conclusively bars the plaintiff from recovering the reasonable value of his services.

On July 1, 1969, plaintiff obtained a Missouri real estate broker's license. Plaintiff readily admits that the services which he performed for defendants were complete prior to the date of obtaining his license. He contends, however, that he is entitled to maintain this action because he was a licensed broker when the alleged cause of action which he had against defendants arose within the meaning of § 339.160. Section 339.160, which closes Missouri courts to unlicensed persons seeking to recover compensation for services rendered in real estate transactions, provides as follows:

"No person, copartnership, corporation or association engaged within this state in the business or acting in the capacity of a real estate broker or real estate salesman shall bring or maintain an action in any court in this state for the recovery of compensation for services rendered in the buying, selling, exchanging, leasing, renting or negotiating a loan upon any real estate *without alleging and proving that such person, co-partnership, corporation, or association was a licensed real estate broker or salesman at the time when the alleged cause of action arose.*" (emphasis added)

Plaintiff argues that pursuant to his oral agreement with defendants his right to commission was contingent upon the occurrence of two events—the closing of the sale and the construction of a service station on the property sold; that these two events could occur only after July 1, 1969, the date of his license. Hence, so plaintiff syllogizes, his cause of action arose after the date of his license and he would thereby be entitled to recovery under § 339.160.[4] In support of

---

3. The oral agreement for payment of the real estate broker's commission in this case would not conflict with the statute of frauds. *E. A. Mabes & Co. v. Fishman*, 284 S.W.2d 21 (Mo. App.1955).

4. Even if we were to accept the plaintiff's construction of § 339.160, he would not be entitled to recover the balance of his commission even now. The plaintiff alleges that pursuant to his oral contract with defendants, he was to re-

his position, plaintiff relies on statute of limitation cases holding that when payment of a real estate commission is conditioned on the occurrence of a particular event, the statute begins to run only on the happening of the event. See e. g., *Boyd v. Margolin*, 421 S.W.2d 761 (Mo.1967); *Rayfield v. Radford*, 404 S.W.2d 423 (Mo.App.1966). We believe plaintiff's position to be dissonant with other provisions of Chapter 339, regulating real estate agents and brokers, and repugnant to public policy underlying the entire chapter.

█ In construing § 339.160, and particularly the phrase "when the alleged cause of action arose," we advert to the cardinal rule of statutory construction that "the entire act must be construed together to carry out the legislative intent and all the provisions of the act must be harmonized, if reasonably possible, and effect must be given to every word, clause, sentence, paragraph and section of the act." *Gilbert v. Edwards*, 276 S.W.2d 611, 617–18 (Mo.App.1955). See also *Miller Nationwide R. E. Corp. v. Sikeston Motel Corp.*, 418 S.W.2d 173 (Mo.1967); *Ross v. Conco Quarry, Inc.*, 543 S.W.2d 568 (Mo.App.1976). We must therefore examine other pertinent provisions of Chapter 339 in order to ascertain the legislative intent underlying the entire chapter and then construe § 339.160 so that it is consistent and congruent with that intent.

The critical feature of Chapter 339 is § 339.020 which makes it unlawful for persons to act as real estate brokers without first procuring a license.[5] It is a misdemeanor to violate the provisions of Chapter 339 by acting as a real estate broker without a license.[6]

█ In negotiating the sale and lease of defendants' land between April 10 and July 1 without a real estate license, plaintiff was in violation of § 339.020. As a result, the April 10 agreement which called for plaintiff's performance of proscribed acts of a real estate agent was void and unenforceable. *Schoene v. Hickam*, 397 S.W.2d 596 (Mo.1965); *Gilbert v. Edwards*, supra. The fact that plaintiff seeks to recover his commission in quantum meruit rather than on the oral contract is of no consequence. As said in *Schoene v. Hickam*, supra at 602: "Where a statute requires a broker to obtain a license before sales of the kind in question can be negotiated by him, there is no doubt that if such a sale is made by one acting as a broker without the required license, he can recover no compensation for his services." The plaintiff's reading of § 339.160 would enable him to circumvent and thwart the principle articulated in *Schoene v. Hickam*, supra, as well as the § 339.020 absolute proscription against unlicensed activity as a real estate broker. We believe that there is a strong public policy, as well as a statutory prohibition, against reward for illegal activity such as profiting as a real estate broker without the required license. We also find it evident that Chapter 339 does not intend to permit an individual to be compensated merely by obtaining a cachet in the form of a license prior to the time commissions are due. In effect, plaintiff seeks to legitimatize the illegitimate by postponing the date

---

ceive $7,500 on the closing date and the remainder at such time as a service station was built and commenced operation on the premises. He has already received $7,500, and there is nothing in the record to show that the service station has been constructed. Despite the fact that plaintiff is suing in quantum meruit rather than on the oral contract, his right to recover the value of his services still would not arise until he pleads and proves the occurrence of the condition precedent to his right to receive the remainder of his commission. "[A] plaintiff cannot recover in indebitatus assumpsit on the quantum meruit where there appears an express contract yet open; that is, not rescinded or executed." *American Surety Co. v.*

*Fruin-Bambrick Const. Co.*, 182 Mo.App. 667, 166 S.W. 333, 334 (1914). See also *Krupnick & Assoc., Inc. v. Hellmich*, 378 S.W.2d 562 (Mo. 1964); *Perles & Stone v. Childs Co.*, 340 Mo. 1125, 104 S.W.2d 361 (Mo.1937).

5. Section 339.020 provides:

"It shall be unlawful for any person, copartnership, association or corporation, foreign or domestic, to act as a real estate broker or real estate salesman, or to advertise or assume to act as such without a license first procured from the Missouri real estate commission.

6. Section 339.170.

on which he would receive payment for his illegal activities. The acquisition of the real estate broker's license after the fact does not serve as a catharsis for unlawful activities, as § 339.020 specifically requires a license to be procured prior to the performance of a broker's services. "The principle is well settled that no court will lend its aid to a man who founds his cause of action upon an illegal act. This is a principle founded upon public policy, not for the sake of the defendant, but for the law's sake, and that only." *Schoene v. Hickam*, supra at 602. See also *Gilbert v. Edwards*, supra at 620. We therefore reject plaintiff's reading of § 339.160.

■ It is also clear that in enacting § 339.020 and § 339.170, the legislature manifested an intent to protect the public from fraud and incompetency. *Miller Nationwide R. E. Corp. v. Sikeston Motel Corp.*, supra; *Gilbert v. Edwards* supra. As said in *Gilbert v. Edwards*, supra at 616:

"It is readily seen from an examination of this section [§ 339.040] and the other provisions of Chapter 339 that it was the evident intention of the Legislature to protect the public against fraud and incompetency in real estate transactions. It has also been held that laws such as we are considering, in addition to giving protection to the public, give protection to the ethical members of the profession under scrutiny, who, having complied with the law in letter and spirit, would, under any other interpretation, be subjected to competition by persons who had violated the law, both in letter and in spirit. This is merely an incidental protection."

Permitting plaintiff's claim would clash directly with the pronounced intent of the legislature as set forth in *Gilbert.*

■ We find that § 339.160, requiring that a person must plead and prove that he was a licensed real estate broker at the time "when the alleged cause of action arose," when harmonized with the rest of Chapter 339, must be construed to require the plaintiff to plead and prove that he was a licensed real estate broker at the time he performed the real estate broker's services for which he seeks to be compensated.[7] Any contrary holding would thoroughly enervate the statutory scheme prohibiting unlicensed persons from acting as real estate brokers as well as the legislative intent to protect the public from fraud and incompetence.

The plaintiff presents the rather remarkable contention that it would be too harsh to prevent a broker from claiming his fee when he had complied with all statutory regulations and taken his examination but that "the formality of the issuance of the license had been delayed by some administrative or clerical malfunction." The record is destitute of anything to suggest a malfunction in the issuance of plaintiff's license which kept him from having it at the time of his transaction with defendants. Plaintiff's argument in this regard is rather apocryphal. It is palpable that plaintiff simply functioned as a real estate broker without benefit of license, knowing full well he was not qualified.

Plaintiff was not licensed at the time he performed his real estate broker's services, and he is foreclosed by § 339.160 from bringing action to collect for those services. The trial court's judgment in favor of defendants is affirmed.

KELLY, P. J., and WEIER, J., concur.

---

7. Section 339.150 prohibits licensed brokers from sharing their commissions with unlicensed persons. It thus seems somewhat fatuous that an unlicensed person would be entitled to perform a broker's services and ultimately be paid for such services by the future act of obtaining a license.