Dear Mr. Koupal:
This opinion letter is in response to your questions asking:
 (a) Is a corporation, association, partnership, or are individuals of a business, which receives an advance fee and which publishes a multiple listing service distributed to subscribing real estate licensees to be used by real estate licensees for information about the properties listed in the publication, required to be licensed as a real estate broker under § 339.010.1 (9), RSMo 1986 or exempted from licensure under § 339.010.5 (9), RSMo 1986?
 (b) Is a corporation, association, partnership, or are individuals of a business which receives an advance fee in connection with a contract whereby they agree to promote the sale of real estate through the listing in a publication issued solely for the purpose of referral of information to real estate brokers required to be licensed as a real estate broker under § 339.010.1 (9), RSMo 1986 or exempted from licensure under § 339.010.5 (9), RSMo 1986?
 (c) Is a corporation, association, partnership, or are individuals of a business which receives an advance fee and which either publishes a home buying guide which is distributed to the public separately and not as a part of a newspaper, magazine or periodical of general circulation or publishes a home buying guide which is distributed to the public both separately and as an insert in a regular edition of a newspaper required to be licensed as a real estate broker under § 339.010.1 (9), RSMo 1986 or exempted from licensure, under § 339.010.5 (9), RSMo 1986?
Some of the statutory sections applicable to your questions were amended by the General Assembly in 1987 in Senate Bill No. 175, 84th General Assembly, First Regular Session (hereinafter "S.B. 175"). We will address your questions under the law as amended by S.B. 175.
It is unlawful for any person, copartnership, association or corporation to act as a real estate broker or salesperson without a license from the Missouri Real Estate Commission. Section 339.020, RSMo 1986. Section 339.040, RSMo 1986, provides that licenses may be granted to persons who bear a good reputation for honesty, integrity, fair dealing and who are competent to transact the business of a real estate broker in such a manner as to safeguard the interest of the public.
Section 339.010 of S.B. 175 defines a real estate broker, in pertinent part, as follows:
 1. A "real estate broker" is any person, copartnership, association or corporation, foreign or domestic who, for another, and for a compensation or valuable consideration, as a whole or partial vocation does, or attempts to do, any or all of the following:
* * *
 (9) Engages in the business of charging an advance fee in connection with any contract whereby he undertakes to promote the sale of real estate either through its listing in a publication issued for such purpose or for referral of information concerning such real estate to brokers or both;
Section 339.010.5 of S.B. 175 also specifically exempts particular persons or entities from the provisions of Chapter 339, RSMo, and provides in pertinent part:
 5. The provisions of this chapter shall not apply to:
* * *
 (9) Any newspaper or magazine or periodical of general circulation whereby the advertising of real estate is incidental to the operation of that publication or to any form of communications regulated or licensed by the Federal Communications Commission or any successor agency or commission;
(Emphasis added.)
In interpreting a statute, the fundamental rule is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. Brown Group, Inc. v.Administrative Hearing Commission, 649 S.W.2d 874, 881 (Mo. banc 1983). The plain meaning of the statutory language is to be given effect wherever possible. State ex rel. D.M. v.Hoester, 681 S.W.2d 449, 450 (Mo. banc 1984). The statute may also be interpreted by examining its purpose, the nature of the problems sought to be remedied by its enactment, and the circumstances and conditions existing at the time of enactment.Sermchief v. Gonzales, 660 S.W.2d 683, 688 (Mo. banc 1983).
The provisions of Chapter 339 were enacted to protect the public from fraud and incompetence and will be strictly construed against anyone claiming an exemption. Mueller v.Ruddy, 617 S.W.2d 466, 474 (Mo.App. 1981); Gilbert v.Edwards, 276 S.W.2d 611, 617 (Mo.App. 1955).
The plain language of Section 339.010.1(9) requires those who engage in the business of charging an advance fee in connection with a contract to promote the sale of real estate either through its listing in a publication issued for such purpose or for referral of information concerning real estate to brokers to be licensed as a real estate broker. The promotion of real estate may be either directly to the public through the listing in a publication issued to promote real estate to the public or through the referral of such information to real estate brokers.
Next, we consider the exemption provision of Section339.010.5(9). The key word in this provision is "incidental" which means "secondary or minor, but usually associated."Webster's New World Dictionary (Second College Edition 1984). Therefore, any newspaper, magazine or periodical of general circulation which carries advertising promoting real estate that is secondary or incidental to the operation of the publication is specifically exempted from Chapter 339 and the requirement of licensure as a real estate broker.
Turning to the specific questions you posed, question (a) concerns persons or business entities that receive an advance fee and publish a multiple listing service distributed to subscribing real estate licensees. These persons or business entities are within the definition of real estate broker under Section 339.010.1(9) and are not exempt under Section339.010.5(9). Therefore, these persons or business entities must be licensed as real estate brokers.
Question (b) concerns persons or business entities that receive an advance fee and promote the sale of real estate through the listing in a publication issued solely for the purpose of referral of information to real estate brokers. These persons or business entities are within the definition of real estate broker under Section 339.010.1(9) and are not exempt under Section 339.010.5(9). Therefore, these persons or business entities must be licensed as real estate brokers.
Question (c) contains two parts. The first part of your question concerns a home buying guide which is distributed to the public separately and not as a part of a newspaper, magazine or periodical of general circulation. These persons or business entities that receive an advance fee are within the definition of real estate broker under Section 339.010.1(9) and are not exempt under Section 339.010.5(9). Therefore, these persons or business entities must be licensed as real estate brokers.
The second part of question (c) concerns a home buying guide which is distributed to the public both separately and as an insert in a regular edition of a newspaper. The examples which you provided of this type of home buying guide appear to be the real estate section of a general circulation newspaper printed so that it can be separately distributed. The newspaper subscribers automatically receive this section of the newspaper and additional copies of the section are made available to the public. These persons or business entities that receive an advance fee are real estate brokers under Section 339.010.1(9); however, in our opinion, they are exempt from Chapter 339 and the requirement of licensure as a real estate broker by Section339.010.5(9). The publication of the section of the newspaper entitled "home buying guide," even though it is also separately distributed to the public, is incidental to the operation of the newspaper and, therefore, these persons and business entities are exempt under Section 339.010.5(9).
Very truly yours,
 WILLIAM L. WEBSTER Attorney General