Turnee, J.
 

 The following assignment of error is urged in this court:
 

 “The appellants in this court claim that the Court of Appeals, Ninth District, Summit county, erred in reversing the judgment of the Court of Common Pleas, in its construction of the Real Estate Brokers Law (Sections 6373-25 to 51 inclusive, Ohio General Code) and in giving judgment for the appellees herein and against the appellants.”
 

 The Court of Appeals agreed with the trial court on the facts and, in substance, on the conclusion that “the deal may have cooled off somewhat, but in the court’s opinion it was a continuing proposition.”
 

 However, the Court of Appeals disagreed with the trial court upon the law applicable to the facts. It is conceded that McDonald received from Scheetz $1,-012.50 which represented one-half of the real estate commission on the transaction in question and that McDonald retained all of such sum and refused to account to plaintiffs for any part thereof.
 

 
 *196
 
 In the opinion of the Court of Appeals it was stated:
 

 ‘ ‘ The evidence warrants the conclusion that the deal for which defendant McDonald was paid a commission, was one which originated in plaintiffs’ office, and that the transaction continued to pend therein in varying stages of activity until its consummation.
 

 “When defendant received his share of the commission and appropriated it to his own use, there arose, under his contract, a liability to pay to plaintiffs one-half thereof. However, at that time, the money had lost its identity as commission, or ‘compensation for the performance of the acts mentioned in Section 6373-25 of the General Code.’ It was mingled with the funds, of defendant, and his responsibility was to account for money had and received.
 

 “Such an action is based on contract, expressed or implied, and the possession of a license of any kind is not a prerequisite to the- maintenance of such an action. ’ ’
 

 As this court does not weigh the evidence, our primary concern is with the proper effect to be given to Section 6373-47, General Code, which provides in part that “It shall be unlawful for any licensed real estate broker to pay a commission for performing any of the acts specified in Section 6373-25 of the General Code to any person who is not
 
 a
 
 licensed real estate broker or a licensed real estate salesman,” and to Section 6373-48, General Code, which is set out in the foregoing statement of facts.
 

 S. D. Stanson, Inc., was not licensed during the year 1941. It was admitted that during the years 1940 and 1941 S. D. Stanson as an individual was not a licensed real estate broker. However, during the year 1940, S. D. Stanson as president of S. D. Stanson, Inc., was the person to whom the license applied (Section 6373-29, General Code).. During the year 1941 S. D.
 
 *197
 
 Stanson was designated as one of two people to whom the license issued to Stanson-Stroup, Inc., applied. '
 

 Section 6373-39, General Code, provides in part:
 

 “If a broker * * * desires to sever his connection with the * * * corporation and engage in business on his individual account or * * * as an officer of another corporation, he may do so by making application and payment of a transfer fee of $5.00.”
 

 The trial court considered that S. D. Stanson, Inc., was the only one entitled to claim (with which conclusion we agree) and that inasmuch as that corporation was not licensed during the year 1941 (when the cause of action arose) the action could not be maintained.
 

 The Court of Appeals was of the opinion that Section 6373-48, General Code, “has no application whatsoever to this action. The action is simply one for money had and received, and must be determined as such.” Section 6373-48, General Code, provides that no right of action shall accrue to any person for the collection of compensation for the performance of the acts mentioned in Section 6373-25, General Code, without alleging and proving that such person was duly licensed as a real estate'broker or a real estate salesman
 
 at the time the cause of action arose.
 
 There was neither allegation nor proof of such fact..- The proof shows that S. D. Stanson, Inc., was not licensed at the time the cause of action arose. There is no warrant in law for holding that notwithstanding the provisions of Sections 6373-47 and 6373-48, General Code, plaintiff may recover under the theory of money had and received. Where the General Assembly has said there is no right of action, courts are without authority to create one and thus defy the law of the state.' The amended petition herein seeks recovery of compensation for the performance of nonexempted acts mentioned in Section 6373-25, General Code. (This section
 
 *198
 
 is too long to set out especially since there is no controversy about its terms or application.) Therefore, the judgment of the Court of Appeals must be reversed and that of the trial court affirmed.
 

 We might stop at this point but inasmuch as the Court of Appeals held the bonding company liable we are of the opinion that there is an additional reason for reversing the judgment against the bonding company.
 

 In order to hold the bonding company the record must show either that the claimant has been damaged by misrepresentation or fraud on the part of the real estate broker or by reason of the violation of the terms of the act.
 

 Section 6373-35, General Code, provides in part as follows:
 

 “No real estate broker’s license shall be issued until the grantee thereof shall have executed and filed a bond to the state of Ohio in the sum of $1,000 * * *. Such bond shall be conditioned upon the faithful observance of all the provisions of this act and shall also indemnify any person who may be damaged by a failure on the part of the applicant for a real estate broker’s license to conduct his business in accordance with the requirements of this act. Any person claiming to have been damaged by any misrepresentation or fraud on the part of a real estate broker or by reason of the violation of the terms of this act, may maintain an action at law against the broker making such representations or perpetrating such fraud or violating the provisions of this act, and may join as parties defendant the sureties on the bonds herein provided for.* * * ”
 

 Before recovery may be had against such surety it must be
 
 alleged and proved
 
 that the party complaining has been' damaged by some misrepresentation or fraud on the part of the real estate broker or by reason
 
 *199
 
 of the violation of the terms of the act. No such allegation is contained in the amended petition upon which this case was tried. Plainly a broker’s surety may be held only for
 
 ex delicto
 
 acts of the broker. Here attempt is made to hold the surety as for an
 
 ex contractu
 
 act of the broker,
 
 i. e.,
 
 for money had and received. Neither of the lower courts found there was any misrepresentation or fraud on the part of McDonald or any violation by him of any term of the act. Neither do we find that there has been any violation of the terms of the act by McDonald to justify holding the bonding company. We are not unmindful of the fact that the State Board of Real Estate Examiners suspended McDonald’s license issued January 1, 1942, the year following the matters herein complained of.
 

 Section 6373-42, General Code, provides that the State Board of Real Estate Examiners may suspend, or revoke or refuse to renew any license at any time “where the licensee, in performing or attempting to perform any act as a real estate broker or real estate salesman or in any transaction involving the leasing or sale of an interest in real estate, is guilty of: * * *
 

 “ (5) Failure within a reasonable time to account for or to remit any moneys coming into his possession which belong to others, or
 

 “(6) Any other conduct, whether of the same or a different character than hereinabove specified, which constitutes dishonest dealing.”
 

 As Section 6373-47,
 
 supra,
 
 forbids the splitting of a real estate commission with other than a licensed real estate broker and as S.'D. Stanson, Inc., was not a licensed broker at the time the cause of action arose, we see no violation of Section 6373-42, General Code. It is argued in substance that, under the finding the deal was a continuing proposition, McDonald’s conduct was inequitable. Plowever, conduct cannot be held in
 
 *200
 
 equitable which is forbidden by law. The remedy for such situation, if needed, is with the General Assembly.
 

 The judgment of the Court of Appeals should be and hereby is reversed and the judgment of the Court of Common Pleas is hereby affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Zimmerman, Williams and Matthias, JJ., concur.
 

 Bell and Hart, JJ., dissent.