## FURMAN v. KEITH.

### No. 12011.

Court of Civil Appeals of Texas. San Antonio.

Dec. 28, 1949.

Rehearing Denied Jan. 25, 1950.

Morriss, Morriss & Boatwright, San Antonio, for appellant.

Jim Weatherby, Kerrville, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by C. R. Keith against John R. Furman, seeking to recover one-half of $2,250 received by Furman from Adolph Stieler as a real estate broker's commission for services rendered in finding a purchaser for the Stieler ranch, consisting of 6,860 acres in Blanco County, Texas.

The trial was to a jury and upon their answers to the special issues submitted to them judgment was rendered in favor of Keith and against Furman in the sum of $1,050. From that judgment John R. Furman has prosecuted this appeal.

Appellant contends that appellee was not entitled to recover judgment against him, because at the time the commission was earned Keith did not have a real estate dealer's license, either as a dealer or a salesman, such as is required by the Real Estate Dealer's License Act, Art. 6573a, Vernon's Ann.Civ.Stats. We sustain this contention. In 1941 Keith was the holder of a real estate dealer's license, but on January 1, 1942, he permitted his license to expire and did not again renew it until February 15, 1944. On June 17, 1943, H. G. Johnson entered into a contract with Adolph Stieler to purchase the Stieler ranch and put up $5,000 cash as earnest money. The contract provided that in the event the sale was not finally consummated the earnest money should be forfeited and

divided equally between Stieler and Furman. Johnson never thereafter paid the balance of the purchase price and ultimately the $5,000 was forfeited, with the exception that $250 was returned to Johnson. Stieler paid to Furman the sum of $2,250 as his part of the earnest money and as his commission for having procured the contract of sale. Furman at one time gave Keith a check for $75, and if Keith was entitled to one-half of the amount received by Furman he would be entitled to the sum of $1,050.

The jury found that there was an oral agreement between Keith and Furman that they were to divide equally any commission earned by either one of them from the sale of the Stieler ranch, anrd we assume here that Keith would be entitled to the judgment in the sum of $1,050, except for the provisions of the Real Estate Dealer's License Act. Section 13 of that Act provides, in effect, that no person shall bring or maintain any action in the courts of this State for the collection of compensation for any acts performed with reference to the sale of real estate without alleging and proving that he was a duly licensed real estate dealer or salesman at the time the alleged cause of action arose. Here it is clear that Keith did not have a license as a real estate dealer or salesman at the time the cause of action herein sued upon arose.

Section 20 of the Act makes it unlawful for any real estate dealer or salesman to pay any part of the commission received by him to another for services rendered by him unless such other person is a licensed real estate dealer or salesman.

The Real Estate Dealer's License Act has been held to be constitutional or valid. Gregory v. Roedenbeck, 141 Tex. 543, 174 S.W.2d 585. Therefore, under the principal provisions of the Act, Keith would not be permitted to maintain a suit in any court of this State for the commission which he claims, inasmuch as he was not a licensed real estate dealer or salesman, and, furthermore, it would have been unlawful for Furman to have paid to him the commission which he claimed. It is true that during the year 1941, and subsequent to February 15, 1944, Keith was a duly licensed real estate dealer, but this does not entitle him to recover commission which was earned at a time when he was not a licensed real estate dealer.

The exact question here presented has not been passed upon in this State, but there are other States which have had a real estate dealer's license act in effect for many years, and there are authorities to be found on this question in those States. Stanson, Inc., v. McDonald, 147 Ohio St. 191, 70 N.E.2d 359; 169 A.L.R. 760; 9 C.J. 565, § 65; 12 C.J.S., Brokers, § 67, page 157; Saule v. Ryan, Tenn., 53 S.W. 977; Talley v. Tuggle, 183 Ark. 957, 39 S.W.2d 707; Davis v. Chipman, 210 Cal. 609, 293 P. 40; Hendricks v. Richardson, 233 Ill.App. 130; and 42 A.L.R. 1231.

Appellee, Keith, contends that he was misled by Furman when Furman told him that he would not have to keep up his real estate license in order to collect a commission on the sale of the Stieler ranch. A listing of this ranch had been procured by Keith during the year 1941. This was a misrepresentation as to the law governing real estate dealers and was not actionable. In 20 Tex.Jur. p. 28, § 14, it is stated: "A misrepresentation as to a matter of law is ordinarily to be regarded as merely an expression of opinion and will not support an action for fraud and deceit, there being no fiduciary relationship between the parties."

Appellee further contends that inasmuch as he procured the listing of the Stieler Ranch in 1941, at which time he held a real estate dealer's license, and inasmuch as the earnest money was not forfeited until after February 15, 1944, at which time he had again acquired a real estate dealer's license, he should be permitted to recover herein. We overrule this contention. The time he needed a real estate dealer's license was the time when the services were performed and the commission earned, and this was in the year 1943 when appellee was not a licensed real estate dealer.

Accordingly, the judgment of the trial court will be reversed and judgment here rendered that appellee, C. R. Keith, take nothing by reason of his suit and pay all costs of this and the court below.

BROETER, J., not participating.