**Milton J. HARRIS, Plaintiff,**

v.

**The KENT HOUSE CORPORATION, Defendant.**

Civ. A. No. 5093.

United States District Court
D. Connecticut.

Nov. 10, 1954.

Joseph W. Ress, Hartford, Conn., for plaintiff.

Robert E. Nickerson, Greenwich, Conn., for defendant.

SMITH, Chief Judge.

Plaintiff, a Florida real estate broker, brought this action for damages for breach of an exclusive agency contract for sale of defendant's land in Connecticut.

Defendant moves to dismiss or for summary judgment on the ground that the pleadings and answers to interrogatories show conclusively that plaintiff is not licensed to deal in real estate in Connecticut, as required by Connecticut statute, Chap. 237a, Sections 1783c, through 1803c, 1953 Supplement to the Connecticut General Statutes.

Plaintiff contends that Florida, not Connecticut, law controls, since the contract of employment was made in Florida; that the contract was not one which must be performed in Connecticut, and that all negotiations were in fact carried on by plaintiff from outside Connecticut except for one conference in Greenwich.

He contends also that if Connecticut law applies, plaintiff is subject only to the criminal sanctions provided in the act, since, unlike licensing laws in some other jurisdictions, there is no provision in the Connecticut Act forbidding actions by unlicensed brokers or making contracts entered into by them void.

Here, the original contract of hiring was to negotiate a sale to the state, the customer, at $200,000. When that proved impossible, a new contract of hiring was entered into in Connecticut to negotiate a sale to the state at $185,000, the price eventually agreed on. It is the place of entering upon the second contract which must govern.

Even if the contract of employment were considered to have been made in Florida, it contemplated attempts to negotiate a sale in Connecticut, which were in fact made in Connecticut in violation of Connecticut law and it is doubtful that it would be enforceable even under Florida law.

If the Connecticut statute is considered a regulatory, rather than a revenue measure, contracts entered into in violation of the Act should not be enforced by the courts, even though not expressly made void by the Act. 8 Amer.Juris. Brokers, Sec. 154; S. D. Stanson, Inc. v. McDonald, 147 Ohio St. 191, 70 N.E.2d 359, 169 A.L.R. 767; 5 Williston Contracts, Sec. 1765; Rest. Contracts, Sec. 580(2) (d); 53 C.J.S., Licenses, § 59, p. 711.

It does seem inequitable to allow one who has sought out a broker outside the state to negotiate a sale for him to escape paying for his services by hiding behind the license statute, but presumably the legislature felt that the evils eliminated outweighed such occasional inequity.

The Act itself and the explanation of it by its sponsor, Parcells of Fairfield in the House, leave no doubt that it is a regulatory and not a revenue measure, and that it was aimed at individual sales as well as more extensive business dealings. General Assembly, House Proceedings, 1953, pp. 2364 et seq.

This was recognized even by the opponents of the bill who objected to its "closed shop" effect.

Summary judgment may be entered for the defendant, dismissing the action, with costs to the defendant.