RISPO REALTY COMPANY, AN OHIO CORPORATION, PLAINTIFF-APPELLEE, v. WISNIEWSKI, ADMRX., DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26026.   Decided December 20, 1962.

Mr. *Christoper J. French,* for plaintiff-Appellee.
Mr. *M. Q. Critchfield* and *Mr. Maurice Wolkoff,* for defendant-appellant.

SKEEL, J. This appeal comes to this court on questions of law from a judgment entered for the plaintiff after trial to the court in the Municipal Court of Garfield Heights. The action is one seeking a commission for procuring a purchaser for defendants' property, it being alleged that the plaintiff corporation is a licensed real estate broker. The defendants claim the following errors:

"(1) The Trial Court erred in overruling the Appellant's motion for judgment upon the pleadings, the opening statement, and stipulations.

"(2) The Trial Court erred in overruling Appellant's motion for judgment at the close of Plaintiff's evidence and renewed at the close of all the evidence.

"(3) The Trial Court erred in overruling Appellant's motion to make the petition more definite and certain.

"(4) The Trial Court erred in receiving evidence over Appellant's objection.

"(5) The Trial Court erred in holding that the admissions against interest of Appellee's counsel could not be held against the Appellee.

"(6) The Trial Court erred in refusing to make separate findings of fact and conclusions of law.

"(7) The judgment was against the manifest weight of the evidence."

There is no dispute but that the listing agreement was entered into between plaintiff corporation and the defendant, Irene Wisniewski, and her husband, Frank Wisniewski. In this agreement the property was completely described, the price for which it was to be offered for sale was fixed at $18,900.00 and the commission to be paid in the event the plaintiff found a purchaser was to be six per cent of the selling price. No provision was made for the amount of the earnest money required of a prospective purchaser. The listing agreement provided that The Rispo Realty Company was to have the exclusive right to sell the property for one hundred and twenty days from March 18, 1960, that is until June 18, 1960, it being provided that the commission would become due where a sale was made during the exclusive period "* * * or within six months thereafter to anyone having negotiations either with you or with us or with anyone else directly or indirectly with respect thereto prior to the expiration of this agency, * * *."

The plaintiff-appellee alleges that it presented an offer coming within the provisions of the listing agreement, and signed by Gayland, Inc., which was submitted to the defendants but that they "failed and refused" to execute the same whereby it became entitled to a commission under the listing agreement.

It is alleged that the claim was presented to the administrator of Frank Wisniewski's estate within the time provided by law, which claim was refused and that Irene Wisniewski individually refused to recognize the plaintiff's claim.

By answer, the defendants deny that the plaintiff is in fact a corporation organized under the laws of Ohio as a licensed real estate broker. They deny that any amount is owing plaintiff.

The offer to purchase, claimed to have been signed by Gayland, Inc., a Corporation, among other of its terms, provided that the agent had received $1,000.00 earnest money from Gayland, Inc. to apply on the purchase price, receipt of which is acknowledged by the Cuyahoga Title and Trust Company, Cleveland, Ohio. The balance was to be paid in cash and placed "in escrow in lieu of delivery of the deed and title guarantee as hereinafter provided." It is also provided that "should buyer accept this contract by April 29, 1960 (the offer is dated April 8, 1960), and then default or fail to perform the conditions of this contract, the earnest money, $1,000.00, deposited with Trust officer shall be retained by owner as liquidated damages." This quoted provision was typewritten into the printed form which was furnished by the plaintiff. In the printed part of the form, it provided that "this offer shall be open for acceptance for a period of .... hours and if not accepted, the earnest money above shall be returned to the purchaser without liability on the part of The Rispo Realty Company to either party." In the blank space someone had written "72 JW." The offer was signed "Vinc Marotta, Pres., Gayland, Inc."

The record discloses that the defendants refused to accept the offer and did not sign the tendered sales agreement as shown by the exhibit introduced in evidence. The offer to purchase, as in part quoted above, discloses that it was in fact a conditional offer. The typewritten provisions placed in the printed form used to record the terms of the agreement take precedence over printed terms that are inconsistent with the typewritten provisions. *Loblaw, Inc.* v. *Warren Plaza, Inc.*, 163 Ohio St., 581, 127 N. E. (2d), 754. Even if the defendants had signed the agreement, there is no evidence in the record that the proposed

purchaser ever signified its intention to proceed with the purchase of the property on or before April 29, 1960, as required by the words of the offer. Attention should also be called to the manner in which the offer was signed. The "Offer to Purchase" begins with the phrase "The Undersigned Purchaser * * *." The signature at the end of the printed form on the line indicated for the signature of the purchaser, reads: "Vinc Marotta, Pres., Gayland, Inc." The words "Pres., Gayland, Inc." are purely descriptive of "Vinc Marotta" and do not purport to be the signature of the Corporation. 12 Ohio Jurisprudence (2d), 652, Sec. 529, et seq. There is no mention of Gayland, Inc. in any other part or place in the tendered offer to purchase. An offer to purchase presented by a licensed real estate salesman or broker must be signed in such a way as to unequivocally bind the offeror. Also, the evidence as to whether or not the plaintiff has a real estate broker's license is not clearly demonstrated by the evidence. It was stipulated that Albert A. Rispo was a licensed real estate broker, but the license was not produced. Whether the license was issued under an application for a license filed by the plaintiff corporation or not is not shown by the evidence. In fact, there is no evidence establishing the corporate capacity of the plaintiff, which allegation in the petition is denied by defendants' answer. Nor is there any evidence as to its officers or whether Albert A. Rispo is an officer or whether his real estate broker's license, as stipulated, was issued under the provisions of Section 4735.06, Revised Code, which, in part, provides:

"If the applicant is a partnership or association, the names of all the members thereof must also be stated and if it is a corporation, those of its president and of each of its officers to whom the license is to apply, and the certificate and recommendation required by this section shall be made and given with respect to all persons whose names are shown." (Effective prior to 10/16/61.)

Section 4735.21, Revised Code, in part, provides:

"No right of action shall accrue to any person, partnership, association or corporation for the collection of compensation for the performance of the acts mentioned in Section 4735.01, of the Revised Code, without alleging and proving

that such person, partnership, association or corporation was licensed as a real estate broker. * * *"

Without some proof in the record that this plaintiff corporation was a licensed real estate broker, it cannot maintain this action.

In the trial of the case, while examining Irene Wisniewski on cross-examination as plaintiff's first witness, the record shows the following:

"Q. Now, did Mr. Schak ever contact you between the dates of March 18, 1960, and February of 1961?

"Mr. Critchfield: Object, your Honor.

"A. Yes.

"Mr. Critchfield: This is irrelevant to the petition here, what dealings she had with someone else. The petition is predicated upon a certain claimed set of facts: that she listed something; that plaintiff procured an offer in accordaonce with that listing; and that the offer was submitted to her, and what dealings she had with anyone else is irrelevant to this lawsuit and will merely confuse it.

"THE COURT: Well, may I ask this question in order to save time? Who is Mr. Schak and what connection does he have with this situation?

"Mr. French: We expect the evidence to show, your Honor, that Mr. Schak and Mr. Rispo were co-brokers in the sale of this land.

"THE COURT: Then why don't you establish that before you ask any further questions?"

Mrs. Wisniewski testified that during the negotiations for the sale of the property as set out in the "Offer to Purchase" dated April 8, 1960, that Mr. Schak was accompanied by Mr. Rispo when the offer was being presented and negotiated. This fact of the interest of another real estate broker in the transaction, as stated by the plaintiff, casts doubt upon the sufficiency of the necessary parties plaintiff because of Section 2307.05, Revised Code. This question also becomes important for another reason. The plaintiff attempted to establish that after the time within which the plaintiff would be entitled to a commission, if a sale were made to one with whom plaintiff had negotiated for sale of such property had passed (six months

from the termination of the listing contract), the property was sold to Gayland, Inc. The record shows that Mrs. Wisniewski was contacted by an officer of Gayland, Inc. and at his direction, the transaction was concluded in the office of Mr. Schak to whom the record suggests a commission for the sale was paid. It must be evident, therefore, if Schak was a co-broker, he would have an interest in the commission which is the subject of this action and which was paid to him in full in the sale of the property.

It being clear from the record herein set out that the tendered offer to purchase was conditional, the conditions of which were not fulfilled, that the offer was not authenticated by a proper signature of the offeror, and for the further reason that plaintiff did not establish affirmatively that it was a licensed real estate broker, the judgment of the trial court is reversed and final judgment is entered for the defendants.

KOVACHY, P. J., HURD, J., concur.