RITCHIE, Appellee,

v.

WESTON, INC., Appellant.

[Cite as *Ritchie v. Weston, Inc.* (2001), 143 Ohio App.3d 176.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77637.

Decided May 14, 2001.

*Ulmer & Berne, Ronald H. Isroff* and *Joseph G. Foster,* for appellee.

*Michael J. O'Shea,* for appellant.

MICHAEL J. CORRIGAN, Judge.

R.C. 4735.21 states that no person seeking to collect compensation in connection with a real estate transaction shall have a right of action unless that person alleges and proves that the person was licensed as a real estate broker. Plaintiff Arnold H. Ritchie, a real estate salesperson (but not a licensed broker), brought this action against defendant Weston, Inc., asserting a breach-of-contract claim over a disputed commission that had been assigned to him by Grubb & Ellis, a licensed real estate broker. The court, sitting without a jury, denied Weston's

motions for directed verdicts and entered a $42,333.62 judgment in Ritchie's favor. The primary issue in this appeal is whether the non-licensed Ritchie can step into the shoes of his licensed assignor, Grubb & Ellis, and pursue this action under R.C. 4735.21.

Weston owns a commercial building in an industrial park. In 1987, Ritchie, a licensed real estate agent who then represented the firm of Grubb & Ellis, procured American Ultra Specialties (AUS) as a tenant for the premises. Grubb & Ellis agreed with Weston that Grubb & Ellis would receive a commission equaling six percent of the lease price. The agreement between Weston and Grubb & Ellis specifically included all renewals. Weston and AUS renewed the lease through 1994. The lease provided for an original four-year term, two three-year renewals (going through 1996), and one five-year renewal (beginning in 1997) at a rate to be determined by the parties.

In 1995, Ritchie left Grubb & Ellis and went to work for The Galbreath Company. Ritchie's separation agreement with Grubb & Ellis provided that he was entitled to receive a percentage of any commissions that arose from transactions in which he was originally involved as a salesperson, including lease renewals.

In 1996, Ritchie, with notice to Weston, began representing AUS in connection with AUS's desire to purchase the premises from Weston. Discussions relating to purchase proved fruitless, and the lease expired by its own terms, with AUS remaining on the premises as a holdover tenant. Ritchie then represented AUS in negotiating the lease price for the 1997 five-year renewal, until Weston objected. Ritchie then removed himself from the negotiations.

When Ritchie requested his percentage of the lease as a fee owed from his prior agreement with Grubb & Ellis, Weston refused to pay. Weston maintained that the 1987 lease expired, that the 1997 lease constituted a new agreement between the parties, and that Ritchie was not the procuring cause of the 1997 lease. Grubb & Ellis then assigned its right to compensation under the lease to Ritchie and also executed an indemnity agreement giving Ritchie the right to bring this action.

In findings of fact and conclusions of law, the court ruled that Ritchie was a valid assignee of the Grubb & Ellis/Weston agreement. The court also found that the 1987 lease agreement did not expire and the 1997 lease continued the previous lease.

I

Weston's primary argument is contained in the first assignment of error and complains that the court erred by failing to direct a verdict on grounds that

Ritchie's breach-of-contract claim was barred by R.C. 4735.21 because he had no standing to bring this breach-of-contract claim by failing to prove that he was a licensed real estate broker.

Because the court sat without a jury, Weston should not have filed motions for directed verdicts under Civ.R. 50(A) but motions for an involuntary dismissal under Civ.R. 41(B)(2). See *Ramco Specialties, Inc. v. Pansegrau* (1998), 134 Ohio App.3d 513, 520, 731 N.E.2d 714, 719. In any event, the motions raised issues of statutory construction, which the court determines as a matter of law and which we review *de novo*. *State v. Wemer* (1996), 112 Ohio App.3d 100, 103, 677 N.E.2d 1258, 1260.

R.C. 4735.21 states:

"No right of action shall accrue to any person, partnership, association, or corporation for the collection of compensation for the performance of the acts mentioned in section 4735.01 of the Revised Code, without alleging and proving that such person, partnership, association, or corporation was licensed as a real estate broker or foreign real estate dealer. * * *"

Weston is correct when it argues that Ritchie would have no independent right to bring this action because he is not a licensed real estate broker under R.C. 4735.21—only Grubb & Ellis had the right to bring the claim against Weston. The issue we have to decide is whether Grubb & Ellis's assignment to Ritchie is effective in overcoming the limitations of R.C. 4735.21; that is, does Ritchie stand in Grubb & Ellis's shoes even though he is not a licensed broker.

For our purposes, the key phrase in R.C. 4735.21 is "no right of action shall accrue." In *State ex rel. Teamsters Local Union 377 v. Youngstown* (1977), 50 Ohio St.2d 200, 4 O.O.3d 387, 364 N.E.2d 18, the Supreme Court stated that "normally, a cause of action does not accrue until such time as the infringement of a right arises. It is at this point that the time within which a cause of action is to be commenced begins to run." *Id.* at 203–204, 4 O.O.3d at 389, 364 N.E.2d at 20. The accrual date in this case is the date on which the right to a commission arose. R.C. 4735.21 states that the person claiming entitlement to the commission must show that he was a licensed real estate broker at the time. There is no question that Grubb & Ellis, the entity claiming initial entitlement to the commission, was a licensed real estate broker at the time the cause of action accrued.

In *Firestone Tire & Rubber Co. v. Cent. Natl. Bank of Cleveland* (1953), 159 Ohio St. 423, 431, 50 O.O. 364, 368, 112 N.E.2d 636, 641, the Ohio Supreme Court cited 29 Ohio Jurisprudence (1933), 958, 959, Section 185, for the following proposition:

"In Ohio, the courts maintain that the word 'assign' has a definite and distinct meaning, and a transfer by assignment is quite different from a contract of

indorsement. Apparently for this reason the rule in Ohio is that the assignee of a negotiable instrument stands in the shoes of the assignor. He has the same title that the assignor had—no better, no worse—and if the assignor could not recover, neither can the assignee." (Footnote omitted.)

Standing in the shoes of another means that the assignee stands in the shoes of the assignor or subrogor and succeeds to all the rights and remedies of the latter. *Inter Ins. Exchange v. Wagstaff* (1945), 144 Ohio St. 457, 460, 30 O.O. 44, 45, 59 N.E.2d 373, 375. There is no question that Grubb & Ellis is a licensed broker and had the right to bring this action, so the prerequisites of R.C. 4735.21 had been satisfied. As assignee, Ritchie therefore held the same right to bring the cause of action as Grubb & Ellis. Ritchie's complaint validly pleaded his right to prosecute the cause of action by way of the assignment, and there is no argument made to question the validity of Grubb & Ellis's assignment to Ritchie.

*S.D. Stanson, Inc. v. McDonald* (1946), 147 Ohio St. 191, 34 O.O. 77, 70 N.E.2d 359, is not to the contrary. In that case, Stanson, Inc. carried a broker's license during 1940. In 1941, certain negotiations by Stanson, Inc. led to a lease agreement for which Stanson, Inc. was entitled to a commission. Stanson, Inc. did not have a valid broker's license in 1941. When Stanson, Inc. brought suit, the trial court found the cause of action did not accrue until March 1941, so Stanson, Inc. could not bring suit under G.C. 6373–48 (the predecessor to R.C. 4735.21). The Ohio Supreme Court set forth the law at paragraph one of the syllabus:

"A corporation to which a real estate broker's license was issued for a particular year but which did not renew or possess such a license for the following year has no right of action for the collection of compensation for the performance of service in the rental or leasing of real estate where such claimed right accrued during the following year."

The important fact in *S.D. Stanson, Inc.* was that Stanson, Inc. did not hold a valid broker's license in the year in which the claimed right of action accrued. In this case, the cause of action accrued to Grubb & Ellis at a time in which it held a valid broker's license. Hence, *S.D. Stanson, Inc.* is not controlling.

We hold that when a right of action accrues for the payment of compensation under R.C. 4735.21, a broker who is licensed at the time the right of action accrues may validly assign that right of action, and the assignee of that right of action is not required to prove that the assignee is a licensed broker in order to maintain that right of action. It follows that the court did not err by refusing to grant an involuntary dismissal. The first assignment of error is overruled.

## II

The second assignment of error is an adjunct of the first, as it also relies on R.C. 4735.21, this time for the proposition that Ritchie's only recourse for the commission is against the broker, Grubb & Ellis. For the same reasons discussed previously, Ritchie had the right to maintain the action because he was an assignee of Grubb & Ellis's claim to the commission, not because he worked on the lease negotiations. There being no claims that the assignment itself was faulty in any respect, we overrule the second assignment of error.

## III

The third assignment of error complains that the court erred by denying the motion for a directed verdict on grounds that Ritchie could not recover against Weston because he breached a fiduciary duty owed to Weston, since he acted in a dual agency capacity, representing AUS through Galbreath (his employer after Grubb & Ellis) and Weston. Weston claims that this dual capacity arose because Ritchie represented AUS while at the same time he had the right to any commission that Grubb & Ellis might earn from Weston.

We doubt that Ritchie's contractual right to a percentage of commission from Weston placed him in a dual agency capacity. Ritchie's right to a commission arose only by way of contract, and did not require his active involvement in any way—he received the commission as long as Grubb & Ellis represented Weston during the negotiations. Because Ritchie's right to a commission was not dependent upon his active involvement in representing Weston, he could not have been Weston's agent for purposes of the dual-capacity doctrine.

But even if we were to find that Ritchie acted in a dual capacity by virtue of his contractual right to a commission from Grubb & Ellis, the evidence showed that Ritchie disclosed that fact to Weston. Disclosure of a dual agency is all that is required. See *E.G. Lewis v. Ohio Real Estate Comm.* (1997), 121 Ohio App.3d 23, 698 N.E.2d 1023.

Indeed, Weston objected to Ritchie's involvement and Ritchie removed himself from the negotiations. Under the circumstances, we fail to see how Weston could prove a breach of a fiduciary duty when Ritchie removed himself from the negotiations after disclosing a possible conflict of interest.

## IV

The fourth assignment of error complains that the court erred by denying a directed verdict on grounds that Weston and AUS entered into an entirely new lease in 1997, thus preempting the existing Weston/Grubb & Ellis commission deal.

The court heard conflicting evidence on this point. Weston maintained that it considered the lease terminated, put the building up for sale, and advertised for a new tenant. Ritchie testified that the terms of the new lease were virtually identical to those of the old lease, particularly the tax base year. Ritchie testified that it would be unheard of for a landlord to fail to change to the tax base year in a new lease. Ritchie also testified that many other terms were not amended; for example, option dates that predated the current lease by four years.

Having heard this conflicting testimony, the court properly found that reasonable minds could disagree over its import, thus justifying its denial of the motion for a directed verdict.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., concurs.

COLLEEN CONWAY COONEY, J., dissents.

COLLEEN CONWAY COONEY, Judge, dissenting.

I respectfully dissent from the majority's decision because I believe it was an error of law to grant judgment in Ritchie's favor.

I agree with the majority that the assignment from Grubb & Ellis to Ritchie is a valid assignment. However, this assignment does not give Ritchie the right to bring a cause of action that is specifically prohibited by statute.

R.C. 4735.21 provides:

"No real estate salesman or foreign real estate salesman shall collect any money in connection with any real estate or foreign real estate brokerage transaction, whether as a commission, deposit, payment, rental, or otherwise, except in the name of and with the consent of the licensed real estate broker or licensed foreign real estate dealer under whom he is licensed. Nor shall any real estate salesman * * * commence or maintain any action for a commission or other compensation in connection with a real estate or foreign real estate brokerage transaction, against any person except a person licensed as a real estate broker or foreign real estate dealer under whom he is licensed as a salesman at the time the cause of action arose." (Emphasis added.)

In order to maintain an action for fees for negotiating the lease of real estate under R.C. 4735.21, Ritchie is required to plead and prove that either he was a licensed real estate broker at the time of the transaction or that he is bringing the action as a real estate salesman with the consent and in the name of a licensed real estate broker. See R.C. 4735.21; see, also, *Rispo Realty Co. v. Wisniewski* (App.1962), 90 Ohio Law Abs. 535, 186 N.E.2d 758; *DeMetre v. Savas*

(1953), 93 Ohio App. 367, 51 O.O. 155, 113 N.E.2d 902; *DeLorean v. Emprise Corp.* (Mar. 8, 1979), Cuyahoga App. No. 38118, unreported.

Although Ritchie stated at trial that he was not a licensed real estate broker, the question at hand is whether Ritchie can stand in the shoes of Grubb & Ellis, a licensed broker, based on the assignment of the right to commissions from the Weston lease.

R.C. 4735.21 specifically prohibits a real estate salesman from bringing the type of action at issue. Presumably, the assignment in question was made for the purpose of circumventing R.C. 4735.21. Therefore, Ritchie, even as an assignee, does not hold the same right to bring the cause of action as Grubb & Ellis. *S.D. Stanson, Inc. v. McDonald* (1946), 147 Ohio St. 191, 197, 34 O.O. 77, 79–80, 70 N.E.2d 359, 362.

Although the majority factually distinguishes *Stanson* from the case at hand, the rule of law set forth by the Ohio Supreme Court in *Stanson* is relevant and controlling. Stanson dealt with a corporation without a broker's license that sued a former employee for commissions. In applying Section 6373–48 of the General Code, the predecessor to R.C. 4735.21, the court held that "[w]here the General Assembly has denied a right of action to recover compensation in certain cases a court may not, in disregard of such legislation, afford relief upon the theory of money had and received." *Stanson* at paragraph four of syllabus. This court embellished the Supreme Court's ruling by stating that "[t]his same principle precludes an action in assumpsit *and every other method which may be employed outside of but contrary to the plain provisions of the statute.*" (Emphasis added.) *DeMetre v. Savas* (1953), 93 Ohio App. 367, 376, 51 O.O. 155, 159, 113 N.E.2d 902, 906.

In the instant case, the method employed by Ritchie to circumvent the plain provisions of R.C. 4735.21 was an assignment. Ritchie has attempted to have a right to a cause of action assigned to him when such right has been specifically prohibited by statute. Regardless of the method chosen, an attempt to bring an action under a method that is clearly contrary to the plain provisions of R.C. 4735.21 is unlawful. To hold otherwise is contrary to the precedent set forth above.

Furthermore, even if Ritchie was permitted to bring this action as an assignee, Ritchie did not, as the majority contends, "validly plea[d] his right to prosecute this action by way of assignment." The February 1, 1998 assignment agreement was neither referenced in the complaint nor was it attached thereto.

Thus, because Ritchie is not a licensed broker, he has failed to prove an essential element of his case, and he is therefore precluded from bringing suit to collect the commission from the lease of the property. See R.C. 4735.21; *Loss*

*Realty Group v. Verbon* (Dec. 6, 1996), Lucas App. No. L–96–024, unreported, 1996 WL 715428.

Since Ritchie is barred from bringing a cause of action as a broker, and his testimony established that he was a real estate salesman at the time of the transaction, it must be determined whether he took the steps necessary to maintain a cause of action against Weston in the capacity of a salesman. Because Ritchie was a real estate salesman acting as an agent of Grubb & Ellis, he is barred from bringing an action against Weston unless the action was brought in the name of a licensed real estate broker. See R.C. 4735.21; *Kapel v. Carnegie Mgmt. & Dev. Corp.* (May 11, 1995), Cuyahoga App. No. 67939, unreported, 1995 WL 277118; *Hanes v. Davis* (1992), 62 Ohio Misc.2d 468, 472, 601 N.E.2d 685, 687–688.

Ritchie did not have standing to bring this suit in his own name. The fact that Grubb & Ellis, a licensed broker, assigned its right to the lease commissions is insufficient for the purpose of demonstrating that Ritchie is entitled to bring suit in his own name under a breach-of-contract theory. At best, the assignment agreement serves as evidence that Ritchie had the consent of Grubb & Ellis to collect the unpaid commissions. However, by bringing the action solely in his own name, Ritchie failed to comply with R.C. 4735.21, which requires that the collection action be brought in the name of the licensed real estate broker.

The question is not whether Weston owes the commission, but is rather whether Ritchie complied with R.C. 4735.21 in order to maintain a cause of action to collect the commission. See *Loss Realty Group*. Here, in order to maintain a cause of action, Ritchie was required to bring this action in the name of Grubb & Ellis. The evidence suggests that he could not do so because the assignment and indemnity agreement state that it was entered into because of Ritchie's and Grubb & Ellis's "different views" regarding the collection of unpaid commissions from Weston. Further, Ritchie testified that Grubb & Ellis assigned the rights to the commissions as a business decision and that Grubb & Ellis is traditionally extremely adverse to filing suits against its clients because of the cost of litigation and the cost to business relationships. Specifically, Ritchie testified that Grubb & Ellis did not want to pursue a claim against Weston because of the large amount of business that Grubb & Ellis does with Weston.

Thus, Ritchie filed this action against Weston in his name alone. As stated above, Grubb & Ellis was not named in this suit, nor was the February 1, 1998 assignment agreement attached to the complaint.

Accordingly, because Ritchie was not a licensed real estate broker at the time of the transaction, and because as a salesman he failed to comply with R.C. 4735.21 in bringing this action, involuntary dismissal under Civ.R. 41(B)(2) was appropriate. Although the trial court had discretion in dismissing the matter, by

denying the motion for dismissal, the lower court erred as a matter of law, and that decision was against the manifest weight of the evidence. Thus, I would reverse the trial court's decision, and dismiss the matter.