JOURNAL ENTRY AND OPINION
{¶ 1} Commission Express National, Inc. appeals from an order that
 {¶ 2} denied its motion for summary judgment and declaratory relief and found that it was not entitled to the payment of real estate commissions earned by sales agents of Realty One. It claims that in addition to not entering a final appealable order, the court erred in determining the applicable statutory provision and neglecting to find tortious interference. The Superintendent of the Ohio Division of Real Estate and Professional Licensing crossappeals, claiming error in the finding that an account receivable is created when an agent assigns a commission. We affirm in part, reverse in part and remand.
 {¶ 3} Commission Express is a Virginia corporation which buys the accounts receivable, i.e., unearned commissions of real estate sales agents, and provides them with immediate cash at a discounted rate, a process referred to as "factoring." In exchange for this cash advance, the sales agent assigns the rights to their future commissions to Commission Express by virtue of a Master Repurchase and Security Agreement, which is then filed with the Secretary of State. Once the account is sold, notification is sent to the broker, in this case to Realty One, but the sales agent remains liable to Commission Express for the full amount of the commission until it is paid.
 {¶ 4} In May 2002, Ohio Factors, Ltd. d/b/a/ Commission Express of Northeast Ohio ("CE Northeast"), a Commission Express franchise, entered into a factoring agreement with real estate agent David Matthews of Realty One. CE Northeast notified Realty One that, once it received payment from the transaction under which Matthews was the agent, it was entitled to his commission. Realty One, however, refused to pay the commission to anyone other than Matthews.
 {¶ 5} As a result of their continued refusal to pay, Commission Express National, Inc. ("Commission Express"), CE Northeast, Tim Prida, and Keith Horton filed a complaint in March 2003 seeking declaratory judgment against the Ohio Attorney General and Realty One, Inc. for tortious interference with a contract, antitrust violations, franchise and franchisee rights violations, and sales agent rights violations.
 {¶ 6} The complaint alleged that Keith Horton, a potential franchisee, was prevented from engaging in a Commission Express franchise in Cincinnati due to the prohibitions on payments to such franchises. In addition, real estate agent Tim Prida alleged that he was unlawfully prevented from obtaining advances on his commissions through Commission Express.
 {¶ 7} The Superintendent of the Division of Real Estate and Professional Licensing intervened as a defendant, and shortly thereafter, Commission Express voluntarily dismissed both the antitrust and damage claims for interference with agents' sales of accounts receivable. All parties then moved for summary judgment.
 {¶ 8} In April 2004, the judge granted both the Superintendent of Ohio and Realty One's motions for summary judgment finding specifically that R.C. 4735.20(F) forbids the payment of real estate commissions to a third-party creditor and finding that Realty One could not be held liable for abiding by statute, nor for the decision not to employ Horton. It is from this order that Commission Express and the Superintendent of the Ohio Division of Real Estate and Professional Licensing appeal and cross appeal in the assignments of error set forth in the appendix to this opinion.
I. FINAL APPEALABLE ORDER
 {¶ 9} In its first assignment of error, Commission Express contends that the trial court's decision does not constitute a final appealable order since it fails to address both the constitutionality of R.C.4735.20(F) and its continued right to enter into factoring transactions.
 {¶ 10} To be final and appealable, an order must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B). Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, syllabus. "An order which fails to conclude an entire cause of action is nonfinal and nonappealable, despite the court's certification in Civ.R. 54(B) language." Norvell v. CuyahogaCty. Hosp. (1983), 11 Ohio App.3d 70, 71. If the orders rendered by the trial court are not final and appealable, we lack jurisdiction to hear the appeal. See R.C. 2505.03(A).
 {¶ 11} Civ.R. 54(B) provides that:
"When more than one claim for relief is presented in an action whetheras a claim, counterclaim, cross-claim, or third-party claim, and whetherarising out of the same or separate transactions, or when multipleparties are involved, the court may enter final judgment as to one or morebut fewer than all of the claims or parties only upon an expressdetermination that there is no just cause for delay. * * *"
 {¶ 12} In its prayer for relief, Commission Express requested that R.C. 4735.20(F) be declared invalid and that the plaintiffs have right to compensation. However, nowhere in its original complaint did it request that the statute be declared unconstitutional, although it now claims error for the failure to rule on the statute's constitutionality. Because it failed to pray for such relief, the court did not err in failing to rule on a prayer that was never requested.
 {¶ 13} Commission Express additionally claims that the court failed to rule on the issue of its right to enter into factoring transactions. In its journal entry, the trial court found that because the real estate agent could assign only their interest in the sale, i.e., their commission, to Commission Express, Commission Express then became a third-party creditor as prohibited by R.C. 4735.20(F). The court went on to state that, "R.C. 4735.20(F) as enacted by the legislature forbids the payment of real estate commissions to a third-party creditor. The court does not find this statute to be inconsistent with R.C. 1309, but rather an exception."
 {¶ 14} It is clear from these statements that the court found there was no continued right to enter into factoring transactions since the parties cannot simultaneously comply with R.C. 4735.20(F) and operate as a third-party creditor.
 {¶ 15} The first assignment of error lacks merit.
{¶ 16} R.C. 4735.20(F)
 {¶ 17} In its second assignment of error, Commission Express claims
 {¶ 18} error in the trial court's grant of summary judgment with the finding that the transaction was prohibited by R.C. 4735.20(F)
 {¶ 19} Appellate review of summary judgments is de novo. Grafton v.Ohio Edison Co., 77 Ohio St.3d 102, 105. Under Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v.Harwick Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286, at paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt,75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
 {¶ 20} In granting summary judgment, the trial court found that,
"R.C. 4735.20(F) as enacted by the legislature forbids the payment ofreal estate commissions to a third party creditor. The court does notfind this statute to be inconsistent with R.C. 1309, but rather anexception. In the present case, plaintiffs received an `accountsreceivable' from the real estate agents in return for an advance on theagents' commission. The plaintiff is then owed money on that `receivable'from either the broker or escrow agent. The only `account receivable' thereal estate agent could assign to the plaintiff was their interest in thesale, i.e., their commission. Thus, the plaintiff became a third partycreditor of a commission as prohibited by R.C. 4735.20(F)."
 {¶ 21} The trial court found that because the real estate agent assigned his interest in the sale, Commission Express then became a third-party creditor and, therefore, fell within the exclusions of R.C.4735.20(F). The statute states in relevant part, "[n]o broker shall pay a fee, commission, or other compensation that is due to an affiliated licensee to a third-party creditor of the affiliated licensee." The plain language, therefore, only prohibits brokers from paying commissions to creditors of its agents, or in effect, prohibits Realty One from paying its agents' creditors. The question, however, remains as to the proper characterization of the business nature of Commission Express.
 {¶ 22} Commission Express claims that it is properly characterized as an assignee and not a "creditor," this term is not defined in the very chapter that purports to prohibit the sale of commissions. See R.C. 4735. Commission Express then points to the language of the Master Repurchase and Security Agreement and contends that the transaction is clearly intended by the parties to be a sale and assignment, not a loan.
 {¶ 23} However, if Commission Express is paying advances to real estate agents in the form of a type of secured loan, it would be classified as a third-party creditor of the real estate agent, and its operation would therefore be prohibited under the mandate of R.C.4735.20(F). Conversely, if Commission Express was merely purchasing the accounts receivable from the agent and acting solely as an assignee, the assignment would be outside the parameters of the statute.
 {¶ 24} The trial court's journal entry expressly finds that Commission Express received the accounts receivable in a form of loan advance, therefore qualifying it as a creditor. However, the proper characterization of Commission Express as either a valid assignee or a "creditor," and the very nature of its business with reference to R.C. 4237.20(F), is a question of fact to be decided by a jury.
 {¶ 25} Further, in its sole cross-assignment of error, the Superintendent of the Ohio Division of Real Estate and Professional Licensing (The "Superintendent"), claims that the trial court erred in finding that Commission Express receives an "account receivable" when a salesperson assigns an anticipated real estate commission to the company.
 {¶ 26} The Superintendent relies on the prohibition contained in R.C.4735.20(F) for the proposition that the statute prohibits the payment of a commission to a third-party creditor of the sales person, and cites toRitchie v. Weston, Inc. (2001), 143 Ohio App.3d 176, to claim that only a licensed broker can assign a cause of action for collection of a commission to a non-licensed broker, both propositions revolve around the determination of Commission Express' interest as either a creditor or an assignee. Since we have determined that the precise role of Commission Express is a question of fact for a jury to determine, we likewise find that the trial court's finding that the agents' commissions are accounts receivable must also be determined by the jury.
 {¶ 27} We find Commission Express's second assignment of error to have merit, and the Superintendent's sole assignment of error to have merit, albeit for different reasons. Our determination on these issues renders the third assignment of error moot.
{¶ 28} Tortious Interference
 {¶ 29} With regard to the trial court's findings that Realty One cannot be liable for abiding by statute or for the failure to employ Horton, this determination was based on the court's finding that Realty One acted in accord with R.C. 4735.20(F). Since we have found that there remains a question of fact as to this provision, Commission Express's fourth assignment of error has merit.
{¶ 30} Claims Brought by a Franchisee
 {¶ 31} In its final assignment of error, Commission Express claims the judge erred in granting Realty One's motion for summary judgment and finding that it did not interfere in a business relationship with a potential franchisee.
 {¶ 32} Although Realty One refused to pay its agents' commissions to Commission Express, its actions did not prevent Commission Express from entering into a relationship with Horton. Although Horton claims to have been discouraged in his ability to enter into the franchising agreement, he was not entirely prevented from entering into an agreement. While Horton admits that he is reluctant to enter into such a franchise agreement based upon Realty One's refusal to pay other Commission Express franchises, his reluctance cannot be placed squarely at Realty One's doorstep.
 {¶ 33} This assignment of error lacks merit.
Judgment affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
APPENDIX A: ASSIGNMENTS OF ERROR
 "I. THE DECISION OF THE TRIAL COURT IS NOT A FINAL APPEALABLE ORDERBECAUSE IT FAILED TO ADDRESS ALL BASES OF THE REQUESTED DECLARATORYJUDGMENT.
 "II. THE TRIAL COURT ERRED BY FINDING THE TRANSACTION BETWEENCOMMISSION EXPRESS AND A REAL ESTATE SALES AGENT IS NOT GOVERNED BYCHAPTER 1309 OF THE REVISED CODE AND IS PROHIBITED BY R.C. 4735.20(F).
 "III. THE TRIAL COURT ERRED IN FAILING TO HOLD THE U.C.C. AS ENACTED INOHIO PROHIBITS (SIC) THE SUPERINTENDENT'S INTERPRETATION OF R.C.4735.20(F), OR THE U.C.C. TRUMPS R.C. 4735.20(F).
 "IV. THE TRIAL COURT ERRED BY HOLDING REALTY ONE COULD NOT BE LIABLEFOR TORTIOUS INTERFERENCE.
 "V. THE TRIAL COURT ERRED BY HOLDING THAT REALTY ONE CANNOT BELIABLE TO PLAINTIFF HORTON."
 CROSS ASSIGNMENTS OF ERROR
 "I. THE LOWER COURT ERRED IN FINDING THAT COMMISSION EXPRESS RECEIVESAN "ACCOUNT RECEIVABLE" WHEN A SALESPERSON ASSIGNS AN
 ANTICIPATED REAL ESTATE COMMISSION TO THE COMPANY. SEE, JOURNAL ENTRYOF APRIL 28, 2004."
It is ordered that the parties bear their own costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Blackmon, A.J., Concur.