This timely appeal arises from the judgment of County Court No. 5, Mahoning County, Ohio, finding Appellants liable on a real estate commission owed to Appellees. For all of the following reasons, this Court reverses the judgment of the trial court.
On or about December 9, 1994, Victor M. Divito and Phyllis M. Divito ("Appellants") entered into a written contract with Appellee, Remax Master Realty ("Appellee Remax"), whereby Remax was granted the exclusive right to sell or exchange Appellants' property located at 2902 Rush Blvd., Youngstown, Ohio. In this contract, the parties agreed that Appellee Remax would receive a commission of $2,500.00 in the event the property was sold during the listing period which was to expire on May 1, 1995.
Appellee Remax secured a ready, willing and able purchaser, who executed an offer to purchase Appellants' property on a land installment contract on January 25, 1995. On that same date, Appellant Victor Divito accepted this offer by signing the purchase agreement. On January 26, 1995, Appellee Remax instructed Appellee, Federal Title and Abstract Agency, Inc., ("Appellee Federal"), to prepare the land installment contract and to perform other title work relating to the sale of the property in question. Appellants never had any contact with Appellee Federal. Although the record does not indicate the exact date, it is undisputed that subsequent to Appellants' execution of the purchase agreement, Appellants notified Appellee Remax that they had changed their minds and decided not to sell the property.
On April 17, 1995, Appellees jointly filed a complaint in County Court No. 5, Mahoning County, Ohio, against Appellants alleging that under the terms of the purchase Agreement, Appellee Remax was entitled to a sales commission of $2000.00 and that Appellee Federal was entitled to $410.00 for preparation of the land installment contract and title work relative to the anticipated sale of the property. After a period of discovery, all parties agreed to submit the matter for determination by the trial court based on the parties' respective briefs and stipulated facts.
The trial court took the matter under advisement and issued a judgment entry in favor of Appellees on February 27, 1998. Appellants timely appealed the trial court's judgment. On November 27, 1998, this Court dismissed the appeal after concluding that the judgment entry was never filed with the clerk for journalization and therefore was not a final appealable order. Remax v. Divito (November 27, 1998), Mahoning App. No. 98 CA 73, unreported. On December 17, 1998, the trial court properly journalized its judgment entry and Appellants filed a subsequent notice of appeal on January 13, 1999.
In their brief to this Court, Appellants present the following assignments of error:
 "I. THE TRIAL COURT ERRED PREJUDICIALLY WHEN IT FOUND THAT PLAINTIFF-APPELLEE, REMAX MASTERS REALTY, WAS ENTITLED TO ITS COMMISSION FOR THE SALE OF DEFENDANT'S HOME, AS PLAINTIFF DID NOT PRODUCE ANY EVIDENCE THAT THE NON-PARTY PURCHASER WAS A WILLING, ABLE AND READY BUYER, SINCE SAID FINDINGS AND JUDGMENT IS NOT SUSTAINED BY SUFFICIENT EVIDENCE AND CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE, AND IS CONTRARY TO LAW."
 "II. THE TRIAL COURT ERRED PREJUDICIALLY WHEN IT FOUND THAT A VALID SALE OCCURRED WHEN, IN FACT, NO MONIES WERE EVER EXCHANGED BETWEEN DEFENDANT-APPELLANT AND ANY PERSONS, AND NO EXCHANGE OF THE PROPERTY OCCURRED BETWEEN THE DEFENDANT-APPELLANT AND ANY PERSON, WHICH IS A CONDITION PRECEDENT CONTAINED IN THE CONTRACT BETWEEN DEFENDANT-APPELLANT AND PLAINTIFF-APPELLEE, AND SAID JUDGMENT IS NOT SUSTAINED BY ANY EVIDENCE, IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE, AND IS CONTRARY TO LAW."
 "III. THE TRIAL COURT ERRED PREJUDICIALLY WHEN IT FOUND THAT PLAINTIFF-APPELLEE, FEDERAL TITLE ABSTRACT AGENCY, INC., PREPARED A LAND INSTALLMENT CONTRACT AND PROVIDED WORK AS A RESULT OF AN EXECUTED REAL ESTATE PURCHASE CONTRACT WHEN REQUEST FOR ADMISSIONS SUBMITTED TO PLAINTIFF-APPELLEE, FEDERAL TITLE ABSTRACT AGENCY, INC., WHICH WERE NEVER RESPONDED TO, AND WHEN PLAINTIFF-APPELLEE, FEDERAL TITLE 
ABSTRACT AGENCY, INC., NEVER PRODUCED DOCUMENTS TO SUPPORT ITS CLAIM, PURSUANT TO DEFENDANT'S-APPELLANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF-APPELLEE, FEDERAL TITLE ABSTRACT AGENCY, INC., AND THEREFORE SAID JUDGMENT IN FAVOR OF FEDERAL TITLE ABSTRACT INC. IS NOT SUSTAINED BY SUFFICIENT EVIDENCE IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE, AND IS CONTRARY TO LAW."
 "IV. THE TRIAL COURT ERRED PREJUDICIALLY WHEN IT FOUND THAT PLAINTIFF-APPELLEE, REMAN MASTERS REALTY, WAS ENTITLED TO A COMMISSION FOR THE SALE OF PROPERTY WHEN NO EVIDENCE WAS PRODUCED ESTABLISHING THAT REMAN MASTERS REALTY IS A LICENSED BROKER, AS THAT TERM IS DEFINED IN OHIO REVISED CODE [SEC] 4735.21, AND AS SUCH, SAID FINDING AND JUDGMENT HAS NOT BEEN SUSTAINED BY SUFFICIENT EVIDENCE, IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE, AND IS CONTRARY TO LAW."
For reasons which shall become clear, this Court will first address Appellants' fourth assignment of error. Appellants' allege that Appellee Remax failed to produce any evidence demonstrating that they are a licensed broker and that absent such evidence, Appellee Remax may not bring a cause of action seeking a commission for the sale of realty. Based on the state of the record and the relevant law, we agree with Appellants? contention.
R.C. § 4735.21 provides in relevant part:
 "No right of action shall accrue to any person, partnership, association, or corporation for the collection of compensation for the performance of any of the acts mentioned in section 4735.01 of the Revised Code, without alleging and proving
that such person, partnership, association, or corporation was licensed as a real estate broker . . ."
(Emphasis added).
Ohio courts have a long history of strictly interpreting this statute. Without some proof in the record that Appellee Remax was licensed in Ohio as a real estate broker, the plain language of R.C. § 4735.21 bars it from maintaining an action for the recovery of a commission. Stanson v. McDonald (1946), 147 Ohio St. 191, paragraph 1 of the syllabus, 197; Smith v. Stevens
(November 15, 1996), Montgomery App. No. 15871, unreported. Indeed, the requirements of R.C. § 4735.21 mandate that a party seeking to recover a real estate commission allege and prove, in addition to the basic elements of the underlying claim, that it was licensed as a real estate broker at the time the cause of action arose. Group One Realty v. Minnich (May 29, 1997), Franklin App. No. 96APG11-1563, unreported; Loss RealtyGroup v. Verbon (December 6, 1996), Lucas App. No. L-96-024, unreported.
Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Alpha Phi Alpha Home Inc. v. Marshall
(March 4, 1999), Mahoning App. No. 96 CA 200, unreported, citing,C.E. Morris v. Foley Const. Co. (1978), 54 Ohio St.2d 279, 280. However, cases addressing the issue sub judice have interpreted R.C. § 4735.21 to require proof of the brokerage license as an essential element of any claim seeking the recovery of a real estate commission. Therefore the task before this Court is to determine whether Appellee Remax met their burden of proof on this specific issue. We conclude that they did not.
Appellee Remax, in its complaint, alleged that it was a "listing broker". (Complaint). Appellee Remax, however, never alleged that they were "licensed brokers" at the time the cause of action allegedly accrued. Additionally, while Appellee Remax alleged that it was "a real estate business transacting business in Boardman, Ohio," (Plaintiffs' Joint Trial Brief), there was no allegation that Appellee Remax was conducting its real estate business as a broker licensed by the State of Ohio. Our review of the entire record before us fails to disclose any allegation or, more importantly, any proof of this essential element.
As there was no evidence before the trial court to satisfy this statutorily mandated element of the case, we must conclude that the trial court's judgment is not supported by the evidence in the record as to every essential element. Foley Constr. Co.,supra. Accordingly, Appellants' fourth assignment of error is sustained. Our resolution of this issue renders Appellants' first and second assignments of error moot and we express no view as to the merits of these arguments.
Having concluded that Appellee Remax is unable to prevail on its claim for a real estate commission, we turn our attention to Appellants' argument contained within their third assignment of error. Appellants contend that the trial court's judgment finding that Appellee Federal prepared a land installment contract and other title work entitling it to a sum of $410.00 is not supported by sufficient evidence, is against the manifest weight of the evidence and must be reversed. We agree with Appellants that the judgment of the trial court contained reversible error, but not for the reasons articulated by Appellants.
Appellee Remax argues that hiring Appellee Federal to perform the necessary title search and title guarantee was incidental to its own ability to perform or otherwise operate as the agent for Appellants. Appellee Remax then correctly observes that, "[i]n so doing, the Plaintiff [Appellee Federal] incurred the sum of $435.00, for which [Appellee Federal], possesses a derivative cause of actionfor money owed." (Appellees' Joint Reply Brief, p. 5, emphasis added)
The record contains absolutely no evidence which would indicate that Appellee Federal and Appellants ever entered into any agreement for the performance of title work or that they ever communicated with each other at all. Indeed, Appellee Federal admitted in Appellants' Request for Admissions that Appellants never requested any of the work Appellee Federal allegedly performed. Absent any evidence demonstrating an agreement, either direct or indirect, between Appellants and Appellee Federal to perform the title work at issue, this Court must agree with Appellee Remax's characterization that Appellee Federal's cause of action, if any, is derivative in nature. That is, Appellee Federal's claim derives from the claim of Appellee Remax, and is not capable of being brought directly by Appellee Federal against Appellants. It is axiomatic, however, that a derivative claim necessarily fails with the failure of the primary claim from which it derives. As the Ohio Supreme Court observed, "A derivative action clearly stems from a single accident or occurrence. Indeed, the derivative action would not exist but for the primary action." Dues v. Hodge, 36 Ohio St.3d 46,48. For this reason, Appellants' third assignment of error must also be sustained, although not for the reasons argued by Appellants.
For all of the foregoing reasons, Appellants' third and fourth assignments of error are sustained, Appellants' first and second assignments of error are rendered moot, and the judgment of the Mahoning County Court No. 5, Mahoning County, Ohio, is hereby reversed.
Vukovich, J., concurs, Donofrio, J., concurs.
 ______________________ CHERYL L. WAITE, JUDGE